Weise *v*. Goldman, Appellant.

Argued March 26, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Leon W. Silverman,* for appellant.

*Oscar O. Schwartz,* for appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

The sole issue is whether a lower court has the authority to enter an order while an appeal is pending in the appellate courts.

The appellee, plaintiff below, is an architect who instituted a suit in assumpsit for past due fees. A default judgment was taken when the defendant failed either to enter an appearance or answer the Complaint for 161 days. Defendant filed a petition to open judgment 151 days after the entry of judgment. After numerous procedural moves and counter-moves, culminating in the lower court's denial of defendant's petition, plaintiff attempted to execute on said judgment. At the last moment, the defendant obtained an order staying execution. Plaintiff immediately took an appeal to this Court. On September 6, 1973, while the case was pending on appeal, the lower court, which had retained *physical* possession of the record, entered an order denying once again the defendant's petition to open judgment. On September 11, 1973, we quashed the appeal from the order staying execution as interlocutory. Armed with the lower court's order, plaintiff filed for a Writ of Execution and a Sheriff's Sale was scheduled for November 5, 1973. The appellant herein, defendant below, filed the present appeal on October 2, 1973, contending that an order by the lower court entered while an appeal was before the Superior Court must be declared null and void.

When an appeal is taken to an appellate court, it is well established that the jurisdiction of the lower court

is removed and the court of first instance may not further proceed with a cause as long as the appeal is still pending. As our Supreme Court said in *Corace v. Balint*, 418 Pa. 262, 275, 210 A. 2d 882 (1965): "The law is clear that since these orders were entered in actions that were on appeal the orders were improper and can have no determinative effect upon the appeals." In *Commonwealth ex rel. Podvasnik v. Podvasnik*, 198 Pa. Superior Ct. 107, 110, 181 A. 2d 843 (1962), we held that it was "error for the lower court to modify or reverse an order from which an appeal has been taken." While the lower court may have properly determined the merits of the positions taken by the parties herein, it should not have acted while an appeal was before this Court. The fact that the appellate court ultimately quashes an appeal because it was improperly taken from an interlocutory order does not add strength to an order entered while said appeal is pending. It is for the appellate court to determine the merits of the appeal, and not the lower court.

Order reversed and case remanded for further proceedings.