369 A.2d 778

Sam CURCIO, Appellant,

v.

Herbert DILUZIO t/a DiLuzio's Grocery.

Superior Court of Pennsylvania.

Submitted June 21, 1976.

Decided Feb. 18, 1977.

Allen S. Kellerman, Philadelphia, for appellant.

C. Norwood Wherry, Media, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This is an action in assumpsit filed by appellant for $1,278.49 and interest pursuant to an oral agreement for merchandise, primarily delicatessen staples, sold and delivered to appellee DiLuzio.

Appellee filed preliminary objections to appellant's complaint following which appellant filed an amended complaint attaching as exhibits some 59 sales slips and memoranda of transactions between appellant and appellee. Appellee again filed preliminary objections. They were overruled on November 12, 1975, the court below commenting orally that the appellee's remedy was by discovery. On November 24, 1975, appellee filed interrogatories addressed to appellant which have not been answered.

Appellee has at no time either filed an answer to appellant's complaint or sought an extension of time in which to do so. On December 8, 1975, appellant filed a praecipe for judgment for failure to file an answer within 20 days of the date of the order of November 12 dis-

missing preliminary objections. Judgment was so entered on that date for $1,323.24, representing the amount claimed, with interest. On December 19, 1975, appellee filed a petition to strike the judgment of December 12 and to impose sanctions upon appellant for failure to answer the interrogatories. On January 9, 1976, the court below entered an order striking appellant's judgment of December 8, 1975, and imposing sanctions. The interrogatory answers were not due when the default judgment was entered.

This appeal is taken from the order of January 9, 1976, striking the default judgment of December 8, 1975, in favor of appellant. On March 1, 1975, subsequent to the appeal to this court, the court below, in a memorandum opinion, acknowledged that there was no basis for striking the judgment of December 8 and on its own motion amended its order of January 9, 1976, by ordering that the judgment of December 8, 1975, be opened to permit a defense, rather than stricken.

■ At the time the lower court entered its amended order of March 1, it had no jurisdiction in the matter since the order of January 9 had already been appealed to this court. We ruled in *Weise v. Goldman*, 229 Pa.Super. 187–8, 323 A.2d 31 (1974), that "When an appeal is taken to an appellate court, it is well-established that the jurisdiction of the lower court is removed and the court of first instance may not further proceed with a cause as long as the appeal is still pending."

■ The order of January 9, 1976, striking the default judgment was entered in error for the reason that a motion to strike a judgment, as opposed to a petition to open a judgment to permit a defense may not be granted unless a fatal defect in the judgment appears on the face of the record: *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 506, 288 A.2d 819 (1972). A review of appellee's petition to strike the judgment of December 8 reveals no

averments with respect to any defects of record, and we find none. Indeed, the lower court concedes in its opinion in explanation of its amending order of March 1 that "there is no fatal defect on the face of the record and hence the judgment should not have been stricken."

[3] If appellee's motion of December 19 to strike the judgment of December 8 were to be liberally construed as a motion to open the judgment to permit a defense, it would still fail to justify an opening of the judgment to permit a defense because the petition does not aver the existence of a meritorious defense or explain satisfactorily the failure to file a timely answer to appellant's complaint: *Fishman v. Noble, Inc.*, 236 Pa.Super. 611, 613, 346 A.2d 359 (1975).

The order of the trial court of March 1, 1976, is vacated as beyond its jurisdiction; the order of January 9, 1976, is reversed; and the default judgment of December 8, 1975, is reinstated.

SPAETH, J., files a concurring opinion.

JACOBS, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I agree with the majority's disposition. I wish only to add that appellee will not be barred—at least, not by this court's decision—from filing a petition to open the judgment once it has been reinstated. *See Miller v. Michael Morris, Inc.*, 361 Pa. 113, 63 A.2d 44 (1949). I do not understand the majority to mean otherwise.