## Commonwealth v. Mazzocone

*James M. Coate,* for plaintiff.
*G. Clinton Fogwell,* for defendant.

GAWTHROP, III, *J.*, April 7, 1978—This matter comes before us on a petition to reduce and a petition for reconsideration of a support order entered February 10, 1977, in which the Honorable Leonard Sugerman directed the weekly payment of $200 for the parties' two children in the custody of the mother and also awarded respondent, Mr. Mazzocone, certain credits against some but not all arrearages then accrued. From that order, respondent appealed on March 7, 1977, to the Superior Court of Pennsylvania, where the case is currently pending. The sole subject of that appeal is the question of arrearages. On March 10, 1977, upon petition of respondent, Judge Sugerman issued an order granting a supersedeas as to the arrearages portion of the order only. Petitioner did not seek a supersedeas as to the support question. Thereafter, on January 11, 1978, the instant petition to reduce was filed, asking a reduction in the weekly support amount, one of the children apparently having moved from mother to father on November 18, 1977.

The question before us raised sua sponte by this court at the time of hearing, is whether the Court of Common Pleas of Chester County yet has jurisdiction to modify a support order in a case which is on appeal to the Superior Court. Or, more precisely, when the appeal involves the propriety of only a portion of that appealed order, has this court jurisdiction to modify another portion thereof, notwithstanding the issuance of a writ of certiorari

from the Superior Court and the physical presence of the record in the case in their docket? We hold that we have such jurisdiction.

The traditional rule has been that once an appeal has been taken, the court of first instance is divested of jurisdiction. In Corace v. Balint, 418 Pa. 262, 210 A. 2d 882 (1965), the Supreme Court quoted with approval the language of the Superior Court in Com. ex rel. Podvasnik v. Podvasnik, 198 Pa. Superior Ct. 107, 181 A. 2d 843 (1962):

" 'It is error for the lower court to modify or reverse an order from which an appeal has been taken. A court of first instance cannot further proceed with a cause after it has been served with a writ of certiorari issued by an appellate court . . .' This has been the common law rule at least since Ewing v. Thompson, 43 Pa. 372 (1862), and has been consistently followed. [Citations omitted.] In the absence of a different statutory rule it is controlling." At 275 and 276, 210 A. 2d 889.

Our inquiry turns to whether the major revision in the Rules of Appellate Procedure promulgated by the Supreme Court of Pennsylvania, by order dated November 5, 1975, effective July 1, 1976, provides, in effect, such a "different statutory rule" as to modify the past practice. We believe that it does.

Pa.R.A.P. 1701, entitled Effect of Appeal Generally, provides in pertinent part: (c) *"Limited to Matters in Dispute.* Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, . . . the appeal or petition for review proceedings shall operate to prevent the lower court . . . from proceeding further with *only* such item, claim or assessment, unless otherwise ordered . . . " (Emphasis supplied.)

Applying this language to the instant matter, it is clear that the only particular adjudicated item, claim or assessment which is here challenged on appeal is the question of arrearages accrued from past support orders, albeit entered under the same caption. The $200 sum, although involved to the extent that it is an integral part of the order, is not involved to the extent that the Superior Court is being asked to reverse Judge Sugerman in that particular. Hence, we find that it is not so involved in the appeal as to preclude our modifying the same prior to remand.

In addition to following the language of the new rule, this holding appears compatible with the intent, at least, of the former, broader proscription.

The purpose of the old rule appears to have been two-fold. First, the Superior Court, speaking unanimously through Judge Hoffman, noted: "It is for the appellate court to determine the merits of the appeal, and not the lower court." Weise v. Goldman, 229 Pa. Superior Ct. 187, 189, 323 A. 2d 31, 33 (1974). The order being clearly severable, both in its own language and in the factual and legal bases for each of its several parts, any modifications by this court of its unappealed aspect will intrude not at all upon the merits of the portion to be considered on appeal.

The second purpose for the common law rule appears to have been the "requirements of orderly procedure . . . " Corace, supra, at 276, A. 2d 889. Today's result would not seem to do violence to that end, and indeed would appear to further the efficient administration of justice. The plethora of attachment hearings, remission of arrearage petitions, petitions to reduce nunc pro tunc, for example, which could well flow from a refusal to allow

prompt reflection in an amended order are neatly avoided by this implementation of the new rule.

Finally, we note that not only does this comply with the language of the present rule and the purpose of the past one, but it would seem a just result as well. Surely, respondent should not be required to continue paying support for a child who moved from petitioner's to respondent's custody after the entry of the appealed-from order until the final resolution of that appeal. The unfairness of that burden is self-evident.

Accordingly, we make the following

## ORDER

The parties are directed to appear in the Orphan's Court Room on the 7th day of April, 1978, at 1:00 p.m. for hearing on the merits of the petition to reduce. The original file in this matter, currently being lodged with the Superior Court of Pennsylvania, counsel are directed to provide this court with facsimiles of all pleadings and documents pertinent to the instant petition, not later than Monday, April 3. 1978.