450 A.2d 70

**COMMONWEALTH of Pennsylvania**

v.

**George Robert HOLLIS, Sr., Appellant. (Two cases).**

Superior Court of Pennsylvania.

Argued March 18, 1980.

Filed Aug. 27, 1982.

Petition for Allowance of Appeal
Denied Dec. 22, 1982.

2

Charles J. Weiss, Ambler, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PER CURIAM:

The instant appeals [1] are from the order of the Court of Common Pleas of Montgomery County denying appellant's

1. The appeal at No. 297 October Term, 1979 was taken from the trial court's order denying appellant's motion to quash the information charging him with driving while under the influence of alcohol. Subsequently, an appeal at No. 1006 October Term, 1979 was taken from the judgment of sentence imposed following appellant's conviction for driving while under the influence.

Omnibus Pre-Trial Motion to Quash Information and the judgment of sentence imposed following the denial of post-verdict motions on his conviction for driving while under the influence of alcohol. For the reasons that follow, we affirm the order denying appellant's motion to quash, but vacate the judgment of sentence and remand for proceedings consistent with this opinion.

Appellant, George Robert Hollis, Sr., was charged with the misdemeanor of driving while under the influence of alcohol[2] and the summary offense of fleeing or attempting to elude a police officer[3] following an incident in Whitemarsh Township, Montgomery County. A preliminary hearing was scheduled[4] and, on the appointed day, appellant's

2. 75 Pa. C.S.A. § 3731(a)(1).

3. 75 Pa. C.S.A. § 3733(a).

4. The preliminary hearing was scheduled for October 27, 1978, but was not held because actions taken by the arresting officer and appellant obviated the need for such a hearing. Officer Anhorn's testimony on this point is illustrative.

Q. On October 27th of last year, did you have occasion to go to District Justice Speers' office in Lafayette Hill?
A. Yes, I did.
Q. What case was that in reference to?
A. This was the George R. Hollis case.
Q. For what purpose did you go to the office?
A. That was the scheduled preliminary hearing time for this particular defendant.
Q. *Was the preliminary hearing held?*
A. *No, it was not.*
Q. Was any testimony taken?
A. No, there was not.
Q. What charges rested against the defendant at that time?
A. At the time of the scheduled preliminary hearing I had the charge of driving under the influence of alcohol or a controlled substance, and fleeing or attempting to elude police officers.
Q. *What happened with the charge of attempting to elude a police officer?*
A. *I withdrew the charge.*
Q. When did you withdraw the charge?
A. When I arrived at the office of Magistrate Speers I was advised that his attorney, Charles Weiss, wished to talk to me, not in the hearing room. *After our conversation, I agreed to withdraw the charge.*
Q. When did you actually withdraw the charge? How did that take place?

attorney met with the arresting officer and suggested that both charges against his client be dropped and that either the charge of public drunkenness[5] or disorderly conduct[6] be substituted. (N.T. 20). Although this particular suggestion was refused, an agreement was reached nonetheless. The arresting officer agreed to withdraw the summary charge of fleeing or attempting to elude a police officer. The district magistrate was advised that the summary charge was withdrawn and that the only charge thus pending against appellant was driving while under the influence. Appellant thereafter waived his right to a preliminary hearing on the drunken driving charge. The matter came before the court of common pleas and was tried before a judge sitting without a jury on February 6 and 7, 1979.

■ Prior to trial, appellant filed a motion to quash the information on the driving under the influence charge, claiming that his prosecution for drunk driving was barred on the basis of double jeopardy, *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973), *vacated and remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *explained on remand,* 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974), and/or section 110 of the Crimes Code, 18 Pa. C.S.A. § 110, since the "dismissal" of the summary offense was tantamount to an acquittal. The trial court denied the motion to quash and

---

A.  Our conversation went on as to Mr. Hollis that—
Q.  What I'm asking you is when did you actually withdraw the charge?
A.  *Right after our conversation I made it known to the magistrate that I was withdrawing the charge of fleeing or attempting to elude a police officer.*
Q.  And what happened to the charge of operating while under the influence.
A.  The attorney, speaking for his client, agreed to waive that charge right to court and walked in and spoke to Mrs. Speers.
Q.  Spoke with whom?
A.  Mrs. Speers, who was the clerk and secretary there in the office. No testimony was taken whatsoever.
(N.T. 18–19) (emphasis added).

5.  18 Pa. C.S.A. § 5505.

6.  18 Pa. C.S.A. § 5503.

appellant appealed.[7]  Despite receiving notice of the appeal, the trial judge proceeded with the trial and found appellant guilty of driving while under the influence of alcohol.  Following the denial of post-verdict motions, appellant was sentenced to pay a fine of $350.00 and costs of prosecution. Thereafter, appellant filed a second appeal which was subsequently consolidated with his appeal from the denial of his motion to quash the information.

Regarding the denial of his motion to quash, appellant posits that, because

a "discharge" is equivalent to an "acquittal," the only issue herein is whether the summary offense filed against the defendant at the same time as the misdemeanor was "discharged" or "withdrawn."  If "withdrawn," double jeopardy, sec. 110, *Campana,* etc., do not come into play. If "discharged," then defendant's pre-trial motion to quash the information should have been granted.

Brief for Appellant at 26.  Consequently, appellant contends that the charge of fleeing or attempting to elude a police officer was discharged, the equivalent of an acquittal, thus precluding his prosecution for driving while under the influence of alcohol.  This contention is ludicrous.[8]

Section 110 of the Crimes Code, 18 Pa. C.S.A. § 110, embodies rules establishing when a prosecution is barred by

**7.**  "An appeal from an order denying a motion to quash on the grounds of successive prosecutions is allowable.  *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977)."  *Commonwealth v. Breitegan,* 276 Pa. Superior Ct. 181, 183 n. 2, 419 A.2d 155, 157 n. 2 (1980).

**8.**  The Code of Professional Responsibility proscribes conduct "involving . . . deceit, or misrepresentation" or "conduct that is prejudicial to the administration of justice."  DR 1–102(A)(4) & (5).  Furthermore, a lawyer is not only prohibited from "making a false statement of . . . fact" but also from "[k]nowingly advancing a claim or defense that is unwarranted under existing law" unless "it can be supported by good faith argument."  DR 7–102(A)(5) & (2).  Because we presume that counsel would not knowingly violate these precepts, we can only assume that, in making such a claim, counsel has been operating under a misapprehension of fact and a concomitant misunderstanding of the ramifications of his entreaty to the arresting officer regarding the charges pending against his client.

6

an earlier prosecution for a different offense. That section provides, in pertinent part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) *The former prosecution resulted in an acquittal* or in a conviction *as defined in section 109 of this title* (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

18 Pa. C.S.A. § 110(1)(i)–(iii) (emphasis added). The definition of "acquittal" set forth in section 109 of the Crimes Code includes a prosecution that results "in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction." 18 Pa. C.S.A. § 109(1).

Appellant strains logic to the extreme in contending that he was "acquitted" of fleeing or attempting to elude a police officer. A preliminary hearing was never held. Absolutely no evidence was presented. Indeed, the only conversation

between the parties and the magistrate occurred when the arresting officer informed the magistrate that he had decided not to pursue the summary charge. At that point, appellant's attorney advised the magistrate that appellant waived the misdemeanor to court. This does not constitute "a finding of not guilty by the trier of fact" or "a determination that there was insufficient evidence to warrant a conviction." [9] The trial judge thus properly denied appellant's motion to quash the information.

■ Appellant also advances several arguments challenging the merits of his conviction for driving while under the influence of alcohol. [10] For purposes of this appeal, however,

**9.** Appellant attempts to buttress his argument on this issue by referring us to the letter "D" which appears on the magistrate's Docket Transcript under the "disposition" column for the charge of fleeing or attempting to elude a police officer. There was, however, ample testimony adduced to explain that what should have appeared was "WD" for withdrawn. Even in the absence of such testimony, moreover, the appearance of "D" is of no moment in our disposition of this issue because the testimony of the parties involved clearly establishes that the arresting officer withdrew the summary charge at the behest of appellant's attorney.

"Section 110 is intended to prevent harassment by the prosecution; it is not intended to afford a defendant with a procedural expedient to avoid a prosecution." *Commonwealth v. Bartley,* 262 Pa. Superior Ct. 390, 396, 396 A.2d 810, 813 (1979) (citation and footnote omitted). This is particularly pertinent in the instant case because there was more than sufficient evidence to support appellant's conviction on the withdrawn charge and the evidence clearly establishes that the charge was withdrawn at the behest of appellant's counsel. Further, appellant's attorney was well aware that no preliminary hearing took place. Counsel could not possibly have advanced an argument in good faith that his client was either acquitted or that the charge was discharged because of insufficient evidence. Thus, any other ruling on this point would not only encourage attorneys to play fast and loose with the courts but also frustrate the purpose for which section 110 was adopted. This we will not do.

**10.** Appellant contends that: the evidence was insufficient to support his conviction for driving under the influence of alcohol; the trial court erred in proceeding with the trial after he had filed his notice of appeal; the presumption of intoxication contained in the Motor Vehicle Code, 75 Pa. C.S.A. § 1547(d)(3), is unconstitutional; the trial judge erred in allowing the arresting officer to render an opinion on the question whether appellant was intoxicated at the time of his arrest; the trial judge erred in permitting the Commonwealth to introduce certain rebuttal testimony; and the trial judge erred in

we need only address one such argument. Appellant contends that the trial judge erred in proceeding to trial after receiving notice that appellant had appealed to this court following the denial of his motion to quash. We agree.

> We ruled in *Weise v. Goldman,* 229 Pa. Super. 187–8, 323 A.2d 31 (1974), that "When an appeal is taken to an appellate court, it is well-established that the jurisdiction of the lower court is removed and the court of first instance may not further proceed with a cause as long as the appeal is still pending."

*Curcio v. Diluzio,* 245 Pa. Superior Ct. 578, 580, 369 A.2d 778, 779 (1977). This common law rule has, with several exceptions not here relevant, been codified in the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1701(a).[11] *See, e.g., Marlow v. Zoning Hearing Board of Haverford,* 52 Pa. Commonwealth Ct. 224, 228, 415 A.2d 946, 947 (1980). Thus, although "the lower court may have properly determined the merits of [appellant's motion to quash], it should not have acted while an appeal was before this Court." *Weise v. Goldman,* 229 Pa. Superior Ct. 187, 189, 323 A.2d 31, 32 (1974). Since jurisdiction no longer existed in the trial court as of the time of trial, moreover, the trial was a nullity, and it is of no consequence that this court was able to consider the merits of both of appellant's appeals.

Accordingly, the order denying appellant's motion to quash is affirmed. Because the trial below was a nullity, however, the conviction cannot stand. The judgment of sentence, therefore, is vacated and the case remanded to the trial court for proceedings consistent with this opinion. Jurisdiction of this case is transferred to the Court of Common Pleas of Montgomery County.

denying appellant's motion to suppress evidence obtained when he was stopped by police at the time of his arrest.

11. "Except as otherwise prescribed by these rules, after an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may no longer proceed further in the matter." Pa. R.A.P. § 1701(a).