In re NORTHWOOD FLAVORS, INC.,
d/b/a Northwood Foods, Debtor.

NORTHWOOD FLAVORS COMPANY,
INC., and Northwood Trucking
Company, Inc., Plaintiffs,

v.

DOLLAR BANK, FEDERAL SAVINGS
BANK, Defendant.

George L. MYRTER and Eleanor
M. Myrter, Plaintiffs,

v.

DOLLAR BANK, FEDERAL SAVINGS
BANK, Defendant.

NORTHWOOD CHEESE
CO., INC., Plaintiff,

v.

DOLLAR BANK, FEDERAL SAVINGS
BANK, Defendant.

Bankruptcy No. 96–20267–BM.
Adv. No. 96–2188–BM.

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 6, 1996.

Erik Sobkiewicz, Pollard, Stewart & Reiber, P.C., Pittsburgh, PA, for Pennsylvania Capital Bank.

Robert G. Sable, Sable, Makoroff & Gusky, P.C., Pittsburgh, PA, for Northwood Flavors, Inc.

Bruce C. Fuchs, Klett, Lieber, Rooney & Schorling, Pittsburgh, PA, for Dollar Bank, FSB.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Chief Judge.

Pennsylvania Capital Bank (hereinafter "Capital"), intervenor in the above-captioned adversary actions, requests a determination that summary judgment entered in favor of Dollar Bank (hereinafter "Dollar") and against debtor and other parties by the Court of Common Pleas of Lawrence County, Pennsylvania, violated the automatic stay and therefore is void. In the alternative, Capital requests an order prohibiting debtor and the others from pursuing their appeal in state court and directing them to proceed "in the forum made appropriate by the removal to this Court of the Removed Actions."

Dollar opposes the motion. It denies that the summary judgment entered by the Court of Common Pleas violated the automatic stay and insists that the appeal of the judgment can and should be decided only by the appellate courts of Pennsylvania.

For reasons set forth below, the relief requested by Capital will be denied.

### –FACTS–

On June 11, 1992, Dollar confessed judgment in the Court of Common Pleas against Northwood Cheese (hereinafter "Cheese") and George and Eleanor Myrter. The Myrters allegedly had guaranteed repayment of a debt Cheese owed to Dollar pursuant to the provisions of a promissory note Cheese had executed.

The Myrters and Cheese subsequently contested the confessed judgments and sought to open and strike them. Their motions were denied by the Court of Common Pleas on March 31, 1993, and April 4, 1993. Shortly thereafter, the Myrters and Cheese appealed the denial of their motions to the Superior Court of Pennsylvania.

While their appeals were pending, debtor in this case, the Myrters, Cheese, and Northwood Trucking (hereinafter "Trucking") brought a civil action against Dollar in the Court of Common Pleas of Lawrence County, Pennsylvania. Among other things, they alleged that Dollar had improperly confessed judgment and had improperly executed on it. The cases subsequently were consolidated by the Court of Common Pleas in May of 1993.

In its answer to the above complaints, Dollar raised *res judicata* and collateral es-

toppel as affirmative defenses. Dollar also asserted a counterclaim wherein it alleged that debtor and the other plaintiffs had defrauded Dollar. In particular, Dollar alleged that Cheese's assets were fraudulently transferred to debtor and to Trucking.

Capital eventually intervened in the above actions in the Court of Common Pleas as a creditor of Cheese.

Subsequent thereto, Dollar moved for summary judgment in the actions then pending before the Court of Common Pleas. The earlier denial of the petitions to open and strike, Dollar argued, barred plaintiffs from asserting their causes of actions in the above cases.

The Court of Common Pleas denied Dollar's motion for summary judgment on December 12, 1993. It held that *res judicata* and collateral estoppel did not apply because the orders denying Cheese's and the Myrters' motion to open and strike were not yet final in light of the pendency of the appeals taken therefrom.

Approximately two months later, on February 14, 1994, the Superior Court affirmed the order of the Court of Common Pleas denying the motions to open and strike the confessed judgments. Undaunted by this decision, Cheese and the Myrters then filed petitions for *allocatur* with the Supreme Court of Pennsylvania.

Subsequent to the decision of the Superior Court but before the Supreme Court acted, Dollar renewed its motion for summary judgment in the Court of Common Pleas. Once again Dollar asserted that the claims brought against it by debtor and the other parties were barred by *res judicata* or collateral estoppel. The Court of Common Pleas denied Dollar's motion on the basis that the above petitions for *allocatur* were still pending before the Supreme Court of Pennsylvania. The order denying the motion provided that Dollar could, however, renew its motions for summary judgment in the event the petitions for *allocatur* were denied.

On December 16, 1994, the Supreme Court of Pennsylvania denied Cheese's and the Myrters' petition.

Debtor Northwood Flavors filed a voluntary chapter 11 petition in this court on January 24, 1996.

One day later, on January 25, 1996, Dollar renewed its motion in the Court of Common Pleas for summary judgment against debtor and the other parties in the above consolidated actions. The Court of Common Pleas entered summary judgment on March 20, 1996, in favor of Dollar and against debtor and the other parties with respect to the causes of action they had asserted against Dollar. The order did not adjudicate Dollar's counterclaim against debtor and the other parties.

On April 18, 1996, debtor and the other parties filed notices of appeal of the summary judgment to the Superior Court. The appeals are still pending before the Superior Court.

On April 23, 1996, Dollar filed a petition pursuant to 28 U.S.C. § 1452 to remove to this court the above actions pending in the Court of Common Pleas.

Capital previously had intervened in the above actions while they were pending in the Court of Common Pleas. On September 11, 1996, Capital brought the present motion seeking a determination that the summary judgment order entered on March 20, 1996, was void because it violated the automatic stay. If it is not void, Capital in the alternative seeks an injunction prohibiting debtor and the other parties from pursuing their pending appeals before the Superior Court and directing them instead to pursue them in this court.

A hearing was held on Capital's motion and Dollar's opposition thereto on October 10, 1996.

–DISCUSSION–

Capital's request for a determination that the order of March 20, 1996, which granted summary judgment in favor of Dollar and against debtor and the others with respect to the causes of action they asserted against Dollar, violated 11 U.S.C. § 362(a)(1) and therefore was void *ab initio* must be denied. The order was not in violation of the automatic stay, despite being entered nearly two

months after debtor had filed its chapter 11 petition.

Section 362 of the Bankruptcy Code provides in pertinent part as follows:

(a) ... a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation ... of a judicial ... action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....

11 U.S.C. § 362(a)(1).

■ The scope of this provision is exceedingly broad. It encompasses all judicial proceedings, including civil actions such as were commenced in the Court of Common Pleas and were then removed to this court. *See Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.).

The automatic stay protects divergent interests and has more than one purpose. On the one hand, it protects a debtor by providing a breathing spell during which the debtor may attempt to reorganize or, at the very least, obtain temporary respite from the financial pressures that resulted in bankruptcy. On the other hand, it protects creditors in general by preventing a particular creditor from acting unilaterally and in its own narrow self-interest by obtaining payment of the debt owed to it to the detriment of other creditors. *St. Croix*, 682 F.2d at 448. A debtor may neither waive nor limit the scope of the automatic stay because it serves the interest of all creditors as well as that of the debtor. *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991).

Although it has not expressly so stated, Capital apparently seeks a determination that the above summary judgment order was void with respect to the other parties—i.e., the Myrters, Cheese, and Trucking—as well as with respect to the debtor because it violated the automatic stay that went into effect as soon as debtor filed its bankruptcy petition. This particular request can be categorically denied. Setting aside for the moment the question whether the automatic stay was violated with respect to debtor, the other plaintiffs in the above consolidated actions undoubtedly are not protected by the automatic stay issued in this case.

■ All proceedings in a single case are not lumped together indiscriminately for purposes of § 362(a)(1). The automatic stay is not available in a chapter 11 case to other parties who themselves are not in bankruptcy, even if they are in a similar legal or factual nexus with the debtor. *Maritime Electric*, 959 F.2d at 1205. Formal distinctions between debtor-affiliated entities are preserved when applying the automatic stay. For instance, § 362(a)(1) does not bar an action against the principals of a debtor— e.g., the Myrters—even though it protects the corporation. *Maritime Electric*, 959 F.2d at 1205–06.

The matter does not end there. The posture of the proceedings in which summary judgment was entered compels the conclusion that the judgment *as it pertains to debtor* was not in violation of § 362(a)(1), despite being entered by the Court of Common Pleas subsequent to the filing of the bankruptcy petition in this case.

■ By its clear and unambiguous language, § 362(a)(1) stays only proceedings **against** a debtor. It does not apply to actions by a debtor which, if successful, would inure to the benefit of the bankruptcy estate. *Maritime Electric*, 959 F.2d at 1204. For purposes of § 362(a)(1), each claim, counterclaim, cross claim, and third-party claim must be analyzed separately. *Id.* Actions against a debtor are stayed whereas closely related claims asserted by the debtor are not stayed and therefore may continue. *Id.*

■ Summary judgment was entered by the Court of Common Pleas against debtor and the others only with respect to the claims brought by debtor and the others against Dollar. It was not entered with respect to the counterclaim Dollar asserted against debtor and the others. Applying the above legal principles, we must conclude that the automatic stay was not violated when the

above summary judgement was entered. The claims asserted by debtor against Dollar are not actions "against the debtor", as is required by § 362(a)(1). *See Matter of U.S. Abatement Corp.,* 39 F.3d 563, 568 (5th Cir. 1994). They instead were actions taken by debtor against Dollar.

■ Applying the automatic stay in this situation would further neither of its above-cited objectives. The automatic stay is not meant to prevent an entity whom debtor has sued from protecting itself by seeking to prevail on debtor's claim against it in another forum. *See Martin–Trigona v. Champion Federal Savings and Loan Association,* 892 F.2d 575, 577 (7th Cir.1989). Rather than seeking respite from its creditors, debtor went on the offensive and sought to recover from one of its creditors. For its part, Dollar merely sought to avoid liability to debtor when it requested summary judgment. It did not seek to obtain payment of the debt owed to it to the detriment of debtor's other creditors.

If the summary judgment is not in violation of the automatic stay, Capital alternatively asks us to enjoin debtor, the Myrters, Cheese, and Trucking from pursuing their appeals of the order to the Superior Court. In addition, it asks that we direct them to appeal, to the extent permitted, "in the forum made appropriate by the removal to this Court of the Removed Actions". Capital has not specified the "appropriate" court. We presume that it has *this* court in mind.

■ Capital has cited to no authority which would authorize enjoining debtor and the others from pursuing their pending appeals to the Superior Court. We shall deny this extraordinary request because we are not aware of any such authority.

Although it has not come out and expressly said so, Capital's request apparently is based on the assumption that the above appeals also were removed to this court when Dollar removed the causes of action asserted against it by debtor, the Myrters, Cheese, and Trucking. This assumption is unfounded.

The above consolidated actions were removed from the Court of Common Pleas pursuant to 28 U.S.C. § 1452, which provides in relevant part that:

(a) A party may remove any claim or cause of action in a civil action ... to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title....

■ According to this provision, a party may remove *any* claim or cause of action. This indicates that removal under this provision is not an all-or-nothing proposition. Section 1452 permits a party to remove only *some* of the claims or causes of action and to leave the remainder for litigation in the other forum. It alternatively permits a party to remove *all* of the claims or causes of action, thereby depriving the other forum of any jurisdiction over them unless and until they are remanded. *See In re Princess Louise Corp.,* 77 B.R. 766, 771 (Bankr.C.D.Cal.1987).

Dollar's petition for removal did not make it transparently clear whether it sought to remove its counterclaim against debtor, the Myrters, Cheese, and Trucking as well as the causes of action they had asserted against it. Circumstances and our reading of the petition for removal indicate that Dollar intended to remove only its counterclaim. Had it been prescient and anticipated Capital's present motion, Dollar might have been explicit about this.

The petition for removal was filed approximately one month after summary judgment was entered in its favor with respect to the causes asserted against it by debtor, the Myrters, Cheese, and Trucking which initiated the above consolidated actions. Because it had prevailed on them in the trial court, Dollar had no reason to remove them to this court for further litigation. Also, as was indicated, the above decision against debtor was not in violation of the automatic stay. Dollar's primary concern when it petitioned for removal was with its counterclaim against debtor and the others. Further pursuit of the counterclaim in the Court of Common Pleas would have violated the automatic stay. We suspect that Dollar so understood and removed only this portion of the Court of

Common Pleas proceeding so that it could go forward with its counterclaim.

The conclusion that Dollar removed only its counterclaim is reinforced by our reading of the petition itself. Although the removal petition makes references to the causes of action asserted against Dollar by debtor and the others, a considerable portion sets forth the basis on which Dollar's counterclaim rested. From this we infer that Dollar sought to remove only its counterclaim against debtor and the others.

Finally, even if Dollar had sought to remove the causes of action debtor and the others had asserted against it and on which it had prevailed in the Court of Common Pleas, its attempt to do so would be unavailing.

■ Our jurisdiction in a removed case is "derivative". If the court from which a cause of action is removed lacked jurisdiction over a matter, the federal court to which it is removed also has none. This is true even when the federal court would have jurisdiction had the cause of action been brought there in the first place. *See Minnesota v. U.S.,* 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). We are in no better position in this regard than the Court of Common Pleas was.

As was noted previously, debtor and the others filed a notice of appeal with respect to the summary judgment in favor of Dollar several days *before* Dollar filed its petition for removal. The Court of Common Pleas at that point in time was divested of jurisdiction over the causes of action asserted against Dollar. *See Curcio v. DiLuzio,* 245 Pa.Super. 578, 580, 369 A.2d 778, 779 (1977). As a result, we have no jurisdiction to function as an *ersatz* appellate court and decide whether or not to affirm the summary judgment.

An appropriate order shall issue.

### *ORDER OF COURT*

AND NOW at Pittsburgh this 6th day of November, 1996, in accordance with the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** that the motion by The Pennsylvania Capital Bank for a determination that the summary judgment entered on March 20, 1996, in favor of Dollar Savings Bank and against debtor and others violates the automatic stay and therefore is void and **DENIED.** Its alternative request that debtor and the others be prohibited from pursuing their appeals of said summary judgment to the Superior Court of Pennsylvania and instead be directed to pursue them in this court is **DENIED.**

**IT IS SO ORDERED.**