**Fabian BECK, Plaintiff,**

v.

**VICTOR EQUIPMENT CO., INC., Thermadyne Industries, Inc., Snap-On Incorporated, Parenta & Sons Enterprises, Inc., Bronx Welding, Inc., Caribbean Pride Auto Repair, Inc., Michelle Sollecito, Elena Sollecito and Joseph Blankenship, Defendants.**

**No. 02 CIV.1255(JSR).**

United States District Court,
S.D. New York.

May 7, 2002.

---

Paul Marber, Sullivan, Papain, Block, McGrath & Cannavo, P.C., New York City, for Plaintiff.

Allen Sheridan, Saretsky, Katz, Dranoff & Glass, LLP, New York City, John S. Meyer, Jr., Bryan Cave LLP, St. Louis, MO, for Defendants.

### MEMORANDUM ORDER

RAKOFF, District Judge.

Subsequent to their filing for bankruptcy in the Eastern District of Missouri, debtor defendants Victor Equipment Co., Inc. ("Victor Equipment") and Thermadyne Industries, Inc. ("Thermadyne") removed this state law personal injury suit to this Court pursuant to 28 U.S.C. § 1452. Plaintiff then moved to have the matter remanded to New York state court pursuant to 28 U.S.C. § 1334. While the motion was pending, the debtor-defendants sought to have the matter transferred to the Eastern District of Missouri, but the District Court there deemed it more appropriate for this Court to first address the remand matter. *See Thermadyne Hold-*ings Corporation, et al. v. Fabian Beck, Case No.4:02CV466 (CDP) (April 18, 2002). Thereafter, the Court heard oral argument from plaintiff and from the debtor-defendants.[1]

Plaintiff's first argument is that remand is required by 28 U.S.C. § 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

However, as debtor-defendants note, Congress carved out an exception to § 1334(c)(2) in 28 U.S.C. § 157(b)(4), which provides that "[n]on-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2)." The "non-core proceedings under section 157(b)(2)(B)" consist, in turn, of proceedings that would result in "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." *Id.* In short, Congress, recognizing that the unpredictable and substantial verdicts that are often produced in personal injury tort and wrongful death claims could have potentially deleterious effects on a debtor's estate—particularly when, because of the automatic stay provisions of the Bankruptcy Code, a debtor-defendant may not have participated in

---

1. The other defendants, taking no position, declined to participate in the oral argument.

the underlying trial—concluded that, in non-core proceedings such as the one at bar, the mandatory abstention provision of § 1334(c)(2) should not apply. *See In re Pan American Corp.*, 950 F.2d 839, 845 (2d Cir.1991).

That still leaves plaintiff's alternative argument that the Court should remand as a matter of discretionary abstention under 28 U.S.C. § 1334(c)(1). But as the Second Circuit has noted, even discretionary remand in such circumstances should be rarely invoked, since it would seem to undercut the statutory purpose of § 157(b)(4). *See In re Pan American Corp.*, 950 F.2d at 845.

Accordingly, plaintiff's motion to remand is hereby denied. Whether this action should remain in this Court or be transferred to the Eastern District of Missouri is a question reserved to the latter Court. *See* 28 U.S.C. § 157(b)(5). In the meantime, because of the automatic stay, the Clerk of the Court is directed to place the case on the Court's suspense docket.

SO ORDERED.