M.L. BERRY, et al., Plaintiffs,

v.

PHARMACIA CORPORATION f/k/a
Monsanto Chemical Company,
et al., Defendants.

No. CIV.A.3:04 CV 134LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 29, 2004.

884

Paul A. Koerber, Roger K. Doolittle, Doolittle and Doolittle, Thomas R. Frazier, II, Frazier & Davidson, P.A., Jackson, MS, Felix Lee Bowie, III, Davidson, Bowie & Sims, PLLC, Flowood, MS, Mary E. McAlister, Douglas G. Mercier, David Nutt & Associates, Ridgeland, MS, Harold J. Barkley, Jr., Jackson, MS, F. Gerald Maples, New Orleans, LA, for Plaintiffs.

Thomas W. Tyner, Daphne M. Lancaster, Aultman, Tyner, Ruffin & Yarborough, Ltd., Hattiesburg, MS, Jane E, Tucker, E. Clifton Hodge, Jr., James W. Craig, Tana Nicole Vollendorf, Phelps Dunbar, Katherine K. Smith, Watkins & Eager, David A. Baker, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, Robert O. Allen, Allen, Allen, Breeland & Allen, PLLC, Brookhaven, MS, Trudy D. Fisher, John Alexander Brunini, Brunini, Grantham, Grower & Hewes, Jackson, MS, John Max Edwards, Jr., Phelps Dunbar, Tupelo, MS, Robert W. Wilkinson, Dogan & Wilkinson, PLLC, Pascagoula, MS, Michael N. Watts, Mark R. Smith, Holcomb Dunbar, P.A., Oxford, MS, Thomas E. Vaughn, Allen, Vaughn, Cobb & Hood, Gulfport, MS, David A. Barfield, Barfield & Associates, Jackson, MS, Karl R. Steinberger, Williams, Heidelberg, Steinberger &

McElhaney, PA, Pascagoula, MS, James P. Streetman, III, Scott, Sullivan, Streetman & Fox, PC, Walker W. Jones, III, James L. Jones, Scott W. Pedigo, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Jackson, MS, Charles Michael Evert, Jr., Rose Marie Wade, Evert & Weathersby, LLC, Atlanta, GA, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on plaintiffs' motion for mandatory abstention or, in the alternative, for remand. Defendant Pharmacia Corporation f/k/a Monsanto Chemical Company has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be denied.

This consolidated lawsuit, involving 168 plaintiffs and thirty-seven defendants,[1] was originally brought in the Circuit Court of Hinds County on December 3, 2001 as three separate lawsuits, with the plaintiffs in each complaining that they have sustained injuries, including in some cases death, as a result of exposure to polychlorinated biphenyls (PCBs) at the location of the Kuhlman Electric plant in Crystal Springs, Mississippi.[2] The case was subsequently consolidated into this action.

In each of the cases, plaintiffs sued, among others, Pharmacia Corporation f/k/a Monsanto Company, and Solutia, Inc. Monsanto, they alleged, had manufactured PCBs through the mid–1970s, and used in dielectric fluids, or insulating fluids, that Kuhlman Electric purchased from Monsanto. In September 1997, Solutia acquired Monsanto's chemical business, and thereafter, in 2000, Monsanto merged with Pharmacia.

On December 17, 2003, Solutia, Inc. filed a Chapter 11 bankruptcy petition, and on February 24, 2004, Pharmacia filed its notice of removal pursuant to 28 U.S.C. § 1452, contending that this court has bankruptcy jurisdiction over the case under 28 U.S.C. § 1334 inasmuch as this case is "related to" Solutia's bankruptcy.[3] With

1. In the notice of removal, Pharmacia recites that "[a]lthough the Plaintiffs originally named numerous defendants, all but approximately ten have been dismissed," yet in its response to the motion to remand, Pharmacia advises that sixteen defendants remain. A review of the court's docket sheet reveals thirty-seven current defendants.

2. PCBs were originally produced in the late 1920s and were manufactured almost exclusively by Monsanto Corporation. PCBs were fire resistant chemicals used by industry in a variety of applications, including in dielectric fluids in capacitors and transformers, up to and through the 1970s. In 1979, regulations passed pursuant to the Toxic Substances Control Act, 15 U.S.C. § 2601 *et seq.*, prohibited the manufacture, processing or distribution of PCBs and imposed certain restrictions on existing equipment containing PCBs effective July 2, 1979.

   In the spring of 2000, in the course of a building addition and renovation project at the Kuhlman Electric plant in Crystal Springs, Mississippi, the presence of PCBs was detected at the site. Since discovery of the contamination, numerous current and former employees of Kuhlman Electric and area residents have sued claiming injury as a result of their exposure to PCBs. This case is one of a number of such lawsuits which have been removed and are currently pending in federal court. *See infra* note 4.

3. This was the second time the case was removed, for prior to consolidation in state court, all three of the original cases had been removed on the basis of diversity jurisdiction, with the defendants arguing that the claims of some of the plaintiffs alleging injury from exposure to asbestos had been misjoined with the claims of those claiming damages for PCB exposure. All three cases were remanded on March 11, 2002 upon the court's conclusion that the defendants had failed to timely assert the misjoinder of the asbestos claims.

specific reference to the claims brought against it, Pharmacia submits that under the terms of the Distribution Agreement by which Solutia acquired Monsanto/Pharmacia's chemical business, Solutia expressly assumed and agreed to indemnify Monsanto for all claims, expenses and liabilities related to Monsanto's former PCB business. Pharmacia thus reasons that all claims against it relating to PCB exposure at the Kuhlman plant are effectively against Solutia, the debtor, and that consequently, this case (as well as all the other cases that comprise what it collectively terms the "Kuhlman Plant PCB litigation")[4] is "related to" Solutia's bankruptcy, giving rise to bankruptcy removal jurisdiction.

In their motion to remand, plaintiffs concede that their claims in this cause against Pharmacia, or at least some of them, such as those involving the alleged selling of an unreasonably defective product, are "related to" Solutia's bankruptcy.[5]

See *Coward v. AC and S, Inc.*, 91 Fed. Appx. 919, 923, 2004 WL 75425, at *4 (5th Cir. Jan.14, 2004) (holding that "related to" jurisdiction specifically encompasses cases "where a non-debtor has a contractual arrangement with the debtor for indemnification under which a judgment would essentially bind the debtor"). They contend, however, that since all the criteria for mandatory abstention under 28 U.S.C. § 1334(c)(2) are met, the court is obliged to remand. Alternatively, they urge the court to abstain and remand pursuant to § 1334(c)(1) and § 1334(b).[6] As an initial matter, the court would observe that the briefing by plaintiffs and Pharmacia reveals what appears to be a difference of opinion as to the scope of Pharmacia's removal. That is, while neither party directly addresses this issue, plaintiffs seem to be under the impression that Pharmacia removed only the claims against it while Pharmacia evidently considers that it has removed the entire case.

---

**4.** The cases first removed by Pharmacia on account of Solutia's bankruptcy are:

*Adams, et al. v. Pharmacia Corp., et al.*, No. 3:04CV118LN; *Chase, et al. v. Pharmacia Corp., et al.*, No. 3:04CV119LN; *Allen, et al. v. Pharmacia Corp., et al.*, No. 3:04CV120LN; *Adams, et al. v. Pharmacia Corp., et al.*, No. 3:04CV121LN; *Crisler, et al. v. Pharmacia Corp., et al.*, 3:04CV122LN; *Adams, et al. v. Pharmacia Corp., et al.*, 3:04CV123LN; *Funches v. Pharmacia Corp., et al.*, 3:04CV135LN; *Davis, et al. v. Kuhlman Corp., et al.*, No. 3:04CV136BN; *Lowery, et al. v. Kuhlman Corp., et al.*, No. 3:04CV137LN; *Mack, et al. v. Kuhlman Corp., et al.*, No. 3:04CV138BN;

A review of the court's docket reflects that additional cases have since been removed, including *Thornton v. Monsanto Chemical, et al.*, No. 3:04CV420LN, which was removed by Monsanto in June, and *Adams v. Kuhlman Corp., et al.*, No. 3:04cv785BN, which was removed by Pharmacia earlier this month.

**5.** While plaintiffs concede that some of the claims against Pharmacia are "related to" Solutia's bankruptcy, they suggest that others

may not be, arguing specifically that if liability were established against Pharmacia on their claims for conspiracy and fraud, Solutia "would arguably not have to indemnify Pharmacia (for such liability) pursuant to the terms of the indemnification agreement." The court fails to perceive a basis for a distinction in the grounds of liability as a basis for indemnity and hence is of the opinion that all plaintiffs' claims are "related to" Solutia's bankruptcy.

**6.** Section 1334(c)(1), providing for discretionary abstention, states,

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Section 1334(b), providing for equitable remand, recites that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

■ The bankruptcy removal statute recites that "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." While Pharmacia had the option of removing only plaintiffs' claims against it, that does not appear to be what Pharmacia intended. A review of the removal notice reveals that Pharmacia, while specifically addressing only the relationship between Solutia's bankruptcy and plaintiffs' claims against Pharmacia, repeatedly and consistently references removal of "this action" and of "this civil action." *See In re Red Ash Coal & Coke Corp.*, 83 B.R. 399, 401 (W.D.Va.1988) (explaining that "[m]ost courts have either assumed without discussion that a removal petition removes the entire case to the bankruptcy court or have achieved the same result by relying upon precedent under the federal district court removal statute to broadly interpret the phrase 'claim or cause of action' and effect the removal of the entire case.") (citation omitted); *In re Princess Louise Corp.*, 77 B.R. 766, 768 (Bankr.C.D.Cal. 1987) (language of removal petition itself determines what claims or causes of action are removed); *cf. In re Northwood Flavors, Inc.*, 202 B.R. 63 (Bankr.W.D.Pa. 1996) (party may remove only some of the claims or causes of action and leave the remainder for litigation in another forum).[7] Moreover, its briefing on the present motion tends to confirm that this was its intent. Accordingly, the court approaches this motion from the standpoint of its view that the entire case has been removed.

■ That being the case, the court first would note plaintiffs' claims against Solutia are obviously "related to" Solutia's bankruptcy estate.[8] *See In re Wood*, 825 F.2d 90, 97–98 (5th Cir.1987) (holding that a lawsuit involving claims against the debtor falls under "related to" jurisdiction). In the case at bar, the only claims that plaintiffs and Pharmacia have addressed relative to the present motion are the claims against Solutia and Pharmacia; no party has suggested whether or not the claims against any other defendants are "related to" Solutia's bankruptcy case, or whether or not the claims against such defendants would be subject to mandatory abstention, or if not, whether discretionary abstention/equitable would warrant remand (or severance and remand) of the claims against them.

7. Of the few courts to consider the issue, a consensus is lacking on whether an entire case may be removed when only portions of the case are within the court's jurisdiction, and some courts have held that only those claims that qualify for bankruptcy jurisdiction under § 1334 are removable. *See Retirement Systems of Ala. v. Merrill Lynch & Co.*, 209 F.Supp.2d 1257, 1264 (M.D.Ala.2002) (opining that "[t]he more sensible reading seems to be that § 1452 authorizes a party to remove a particular 'claim or cause of action' that touches on the administration of a bankruptcy estate, but not an entire 'action' involving claims and other parties that may have nothing to do with the bankruptcy"). The court tends to side with those holding that the entire case may be removed and any claims therein that are not within the court's jurisdiction may be remanded. That is to say, the fact that a defendant has purported to remove an entire civil action on the basis that a part of the case is "related to" a bankruptcy case does not mean that the court may or should exercise jurisdiction over claims or other parties having nothing to do with the bankruptcy case.

8. Plaintiffs appear to take the position that since they have taken no action against Solutia since it filed for relief under Title 11, then the case removed by Pharmacia does not include plaintiffs' claims against the debtor Solutia's estate. However, the fact that the automatic stay has prevented plaintiffs from actively pursuing their claims against Solutia does not support plaintiffs' contention that the claims against Solutia were not covered by and included in the removal. Clearly they were.

Moreover, for the reasons that follow, there is no basis for a contention that their claims against Solutia are subject to mandatory abstention.

■ The mandatory abstention statute, 28 U.S.C. § 1334(c)(2), provides that the district courts must abstain from hearing a state law claim for which there is no independent basis for federal jurisdiction other than § 1334(b) if a timely request for abstention has been made and if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. *See In re Gober*, 100 F.3d 1195, 1206 (5th Cir.1996).[9] However, pursuant to 28 U.S.C. § 157(b)(4), it cannot reasonably be contended that mandatory abstention applies to plaintiffs' claims against Solutia. Section 157(b)(4) states,

> Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2).

28 U.S.C. § 157(b)(4). In turn, § 157(b)(2)(B) provides that

> *[c]ore proceedings include,* but are not limited to allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 *but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11.* (emphasis added).

9. Thus, the criteria for mandatory abstention are as follows:

1. A motion has been timely filed requesting abstention;
2. The cause of action is essentially one that is premised on state law;
3. The proceeding is non-core or related to the bankruptcy case;

The claims against Solutia in this action involve "the liquidation or estimation of unliquidated personal tort or wrongful death claims against [Solutia's estate] for purposes of distribution [in Solutia's bankruptcy case]." Moreover, in the court's opinion, this exemption from mandatory abstention should extend, as well, to plaintiffs' claims against Pharmacia.

As one court has observed, Congress crafted the personal injury tort/wrongful death exception

> recognizing that the unpredictable and substantial verdicts that are often produced in personal injury tort and wrongful death claims could have potentially deleterious effects on a debtor's bankruptcy estate-particularly when, because of the automatic stay provisions of the Bankruptcy Code, a debtor-defendant may not have participated in the underlying trial-concluded that in non-core proceedings such as the one at bar, the mandatory abstention provision of § 1334(c)(2) should not apply.

*Beck v. Victor Equip. Co., Inc.*, 277 B.R. 179, 180 (S.D.N.Y.2002). A companion statute, Section 157(b)(5), provides, in fact, that

> [t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

4. The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case; and
5. The proceeding has already been commenced and can be timely adjudicated in state court.

*In re Southmark Corp.,* 163 F.3d 925, 929 n. 2 (5th Cir.1999).

This statute serves a related purpose to that of § 157(b)(4), namely, " 'to centralize the administration of the estate and to eliminate the "multiplicity of forums for the adjudication of parts of a bankruptcy case," ' " *see In re Dow Corning Corp.*, 86 F.3d 482, 495–96 (6th Cir.1996) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir.1986)), for it is recognized that "[c]entralization of claims increases the debtor's odds of developing a reasonable plan of reorganization which will 'work a rehabilitation of the debtor and at the same time assure fair and non-preferential resolution of the ... claims,' " *id.* (quoting *A.H.Robins*, 788 F.2d at 1011). Thus, the court in *In re Dow Corning* held that § 157(b)(5) allowed for the transfer of personal injury and wrongful death claims pending against nondebtor defendants who had been sued with a debtor under claims of joint and several liability, reasoning that "[t]his approach [would] further the prompt, fair, and complete resolution of all claims 'related to' bankruptcy proceedings, and harmonize Section 1334(s)'s broad jurisdictional grant with the oft-stated goal of centralizing the administration of a bankruptcy estate." *Id.*

In the case at bar, the court is of the opinion that, given the nature of the relationship and degree of identity between the debtor Solutia and Pharmacia, the rationale for exempting personal injury and wrongful death claims against the debtor's estate from the mandatory abstention provision applies fully to the claims against Pharmacia. Under the terms of the Distribution Agreement, Pharmacia claims a right to absolute indemnity from Solutia for any judgment that might be rendered against it, so that a judgment against Pharmacia is, in practical effect, a judgment against Solutia.

█ In light of the court's conclusion, then, that the claims against Solutia and Pharmacia are equally exempt from mandatory abstention, the question becomes whether the court should abstain and remand under principles of discretionary abstention and equitable remand. On this question, Pharmacia urges that in approaching this issue, the court should be mindful that even though personal injury claims are not specifically excepted from the discretionary abstention provision of § 1334(c), the same policy considerations which underlie the exemption from mandatory abstention would counsel against permissive abstention. *See In re Pan American Corp.*, 950 F.2d 839, 845 (2d Cir.1991) (noting that "[a] district court, if it elects to abstain and have [a personal injury] claim liquidated in state court, may be contravening legislative history.") (citations omitted). It submits that in all events, however, this is not a proper case for abstention.

The facts and circumstances on which Pharmacia relies in support of this court's retaining jurisdiction over the claims in this cause, and rejecting plaintiffs' request for discretionary abstention/equitable remand, are not limited to the circumstances of this one case. Rather, its argument in support of maintaining jurisdiction in this forum is grounded on the fact that all of the cases which comprise the Kuhlman Plant PCB litigation have been removed and are currently pending in federal court in this district. Specifically, Pharmacia notes that in addition to this case, four lawsuits, involving a total of 496 plaintiffs, were filed against Solutia and Pharmacia in Copiah County Circuit Court, an additional six suits, with 119 plaintiffs, were filed in Hinds County Circuit Court, all of which Pharmacia removed to this court in a proclaimed "effort to promote judicial economy by aiding in the efficient resolution of all matters connected to Solutia's

estate."[10] Thus, in response to plaintiffs' motion, Pharmacia insists that

> [t]o accomplish the purposes of "related to" jurisdiction, this Court should exercise jurisdiction over these actions to permit coordinated pretrial management and resolution of each of these actions pending in various Mississippi jurisdictions. In this manner, the Court will eliminate duplicative proceedings, prevent inconsistent trial rulings, and conserve the resources of the parties, their counsel, and the judiciary. To permit these multiple actions to remain in state court will certainly have a deleterious effect on Solutia's estate, especially given the heavy state court case loads and the unpredictable and substantial verdicts that often result in personal injury tort and wrongful death claims in Mississippi.[11]

As can readily be seen, the basic premise of Pharmacia's position is that a remand of this case would have a harmful effect on the administration of Solutia's bankruptcy estate since all the other cases which make up the Kuhlman Electric PCB litigation are pending in this forum. Clearly, the benefits ostensibly sought to be gained by Pharmacia in removing all the cases to federal court are realized only if jurisdiction is retained over all, or at least an appreciable number of the Kuhlman Electric PCB cases, in this forum.

A review of the court's docket discloses that motions to remand are pending in all of the other cases, and that with the exception of one, *Funches*, in which an opinion is being entered this date, the briefing has not yet been completed on the motions to remand. It appears that most of these other cases—in fact all but *Funches*—were removed on the basis of both bankruptcy jurisdiction and diversity jurisdiction and that the parties in these other cases are presently engaged in remand-related discovery pertaining to the assertion of diversity jurisdiction,[12] so that briefing on the remand motions is not due to be completed for weeks, if not months, to come. The undersigned would agree with Pharmacia that in the event the motions to remand were denied in all or a majority of the cases, at least as to the claims against Solutia and Pharmacia, it would further the efficient administration of Solutia's bankruptcy estate to have the cases consolidated (or coordinated) in this federal forum.

With these considerations in mind, and with reference in particular to the fact that remaining Kuhlman Electric PCB cases are, in fact, currently pending in this forum, and with the view that it would be precipitous to remand this case when the outcome of the remand motions in those remaining cases is uncertain, the court concludes that it should presently deny the

---

10. *See supra* note 4.

11. In addition to this summary of its position, Pharmacia has specifically addressed the various considerations which are generally relevant in a discretionary abstention/equitable remand analysis. *See Davis v. Life Investors Ins. Co. of America,* 282 B.R. 186, 194 (S.D.Miss.2002) (listing factors court should consider in deciding requests for discretionary abstention and equitable remand). The premise of all of its arguments, however, is that the efficient administration of Solutia's bankruptcy is best served by retaining juris-

diction of all the cases involved in the Kuhlman Electric PCB litigation in this single federal forum.

12. The court notes that while the vast majority of the other cases removed by Pharmacia have been assigned to the undersigned (many as a result of recusals by one or both of the other judges in this division), two or three of the cases have been assigned to and are pending before Judge Barbour. All are in a similar procedural posture.

motion for discretionary abstention/equitable remand.[13]

For the reasons given, the court concludes that plaintiffs' motion for mandatory abstention or, in the alternative, for remand, is denied.

13. The court would reiterate that although Pharmacia removed the entire state court case, no party has even mentioned the claims against any defendant other than Pharmacia and Solutia.