441 A.2d 1236

**GEORGE H. ALTHOF, INC., Appellant,**

v.

**SPARTAN INNS OF AMERICA, INC., Joseph J. Sorce and Mary Virginia Sorce.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1981.

Filed Feb. 12, 1982.

288

Kenneth D. Chestek, Erie, for appellant.

John M. Wolford, Erie, for appellees.

Before CERCONE, President Judge, and DiSALLE and SHERTZ, JJ.

SHERTZ, Judge:

The question presented by this appeal is whether a confessed judgment may be stricken, due to defective verification of a complaint filed pursuant to Pa.R.Civ.P. 2952. We hold that it may not, and hence reverse the order of the court below.[1]

On January 3, 1975, Appellees signed two notes, payable on demand, evidencing a debt incurred for work performed by plaintiff in the Spartan Inn Motel. One note had been fully paid and part payment had been made on the second when, on April 25, 1975, Appellant filed a form "Complaint in Judgment" (Erie County Prothonotary Form 85–1 & 85–2) together with the second note which contained a confession of judgment.[2] The prothonotary promptly mailed notice of judgment, in the amount of $20,000.00, to Appellees and additional partial payments were made subsequent to entry of the judgment. Approximately four years later, on February 22, 1979, Appellant sought to execute on the judgment for the total claimed indebtedness of $11,-066.66 plus costs. Appellees thereupon filed a Petition to Strike and/or Open the Confessed Judgment. The court below, concluding that the petition to open was not timely

---

1. In view of our disposition of the case we need not reach Appellant's additional contentions.

2. The form complaint, as prepared by the Erie County Prothonotary, provided for verification by counsel. Such a local practice is in conflict with Pa.R.Civ.P. 2952(j) and Pa.R.Civ.P. 1024. The form is therefore invalid to the extent that it is in conflict with Pennsylvania Rules of Civil Procedure. *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super.Ct. 245, 407 A.2d 1338 (1979).

filed, refused to open the judgment. However, the court below granted the petition to strike on the ground that the verification to the complaint was defective inasmuch as it was made by counsel, rather than by Appellant.

■ A motion to strike a default judgment, as opposed to a petition to permit a defense, may not be granted unless a fatal defect appears on the face of the record. *Curcio v. Diluzio*, 245 Pa.Super.Ct. 578, 369 A.2d 778 (1977); *Fourtees Co. v. Sterling Equipment Co.*, 242 Pa.Super.Ct. 199, 363 A.2d 1229 (1976). If the defect is one that can be remedied by an amendment of the record or other action, *nunc pro tunc*, the judgment should not be stricken off. 7 Standard Pa. Practice, Chapter 30, § 169 (1961).

The record defect, upon which the court below granted the petition to strike, was Appellant's failure to attach to its complaint a "verification in accordance with the rules relating to the action in assumpsit." Pa.R.Civ.P. 2952(j). Pa.R. Civ.P. 1024, the applicable rule in assumpsit, provides inter alia:

(a) Every pleading containing averments of facts not appearing of record in the action or containing denials shall be verified on oath or affirmation that the averments or denials are true upon the affiant's personal knowledge or information and belief.

. . . .

(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party.

In the instant case, the verification was not made by Appellant, but rather it was made by his attorney who did not set forth the information required by subsection (c) of Pa.R. Civ.P. 1024.

In *West Penn Sand & Gravel Co. v. Shippingport Sand Co.*, 367 Pa. 218, 80 A.2d 84 (1951), the Supreme Court stated:

> "[C]ourts should not be astute in enforcing technicalities to defeat apparently meritorious claims; if defendant has any real or substantive defense to the confessed judgment the way lies open to it to present it."

*Id.*, 367 Pa. at 220–21, 80 A.2d at 86, 87. This Court has, accordingly, looked beyond technical defects in affidavits accompanying petitions to open or strike judgments. *Monroe Contract Corp. v. Harrison Square Inc.*, 266 Pa.Super.Ct. 549, 405 A.2d 954 (1979); *Davis v. Safeguard Investment Co.*, 239 Pa.Super.Ct. 300, 361 A.2d 893 (1976). In *Davis*, Appellants filed separate petitions to open separate judgments. One of the petitions was verified by defendant's attorney; the second petition was verified by the defendant. This court held that the error, although not to be condoned, was "inconsequential and certainly not prejudicial in the instant case." *Id.*, 239 Pa.Super. at 304, 361 A.2d at 896.

In *Monroe Contract Corp.*, petitioner's attorney verified the complaint. An accompanying affidavit averred that appellant lacked sufficient knowledge to make verification but did not also allege that appellant was without sufficient information to do so. This court, deeming the error to be inconsequential and not prejudicial, did not require a remand to permit an amendment. Moreover, we therein stated:

> Verification is necessary to defend a party against spurious allegations; it must not be transformed into an offensive weapon designed to strike down an otherwise valid petition. While we do not, of course, condone willful noncompliance with our procedural rules, a hypertechnical

reading of each clause, and a blind insistence on precise, formal adherance, benefits neither the judicial system nor those utilizing that system. . . .

. . . [a]t a bare minimum, a court confronted by defective verification should grant leave to amend before dismissing the petition.

*Id.,* 266 Pa.Super. at 555–57, 405 A.2d at 958, 959. Formal defects, mistakes and omissions, in confessions of judgment, may be corrected by amendment where the cause of action is not changed, where the ends of justice require the allowance of such amendment and where the substantive rights of defendant or of any third persons will not be prejudiced thereby. *West Penn,* 367 Pa. at 220, 80 A.2d at 86. In the instant case there is no averment of prejudice to Appellees resulting from the defective verification, nor is it averred that any of the allegations in the complaint are spurious. We conclude that the instant defective verification is not of a magnitude which requires striking of the judgment.[3]

Order of the court below is reversed and case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

CERCONE, President Judge, files a concurring statement.

CERCONE, President Judge, concurring:

I write separately only to note that the remand of the present appeal is for the purpose of allowing appellant the opportunity to file a proper verification to the complaint in compliance with Pa.R.Civ.P. 2952(i) and 1024(c).

This decision was rendered prior to the expiration of DiSALLE and SHERTZ, JJ., commission of office.

---

**3.** This court has recently determined that a defective verification does not affect the jurisdiction of the court. *Parliament Industries v. William H. Vaughan,* 287 Pa.Super.Ct. 458, 430 A.2d 981 (1981); *Monroe Contract Corp. v. Harrison Square,* 266 Pa.Super.Ct. at 557, n.5, 405 A.2d at 959 n.5.