J-A28021-14

2015 PA Super 114

| | |
|---|---|
| THE DIME BANK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER ANDREWS | |
| Appellant | No. 1129 EDA 2014 |

Appeal from the Order Entered March 6, 2014
In the Court of Common Pleas of Monroe County
Civil Division at No.: 8939 CIVIL 2012

BEFORE: GANTMAN, P.J., WECHT, J., and JENKINS, J.

DISSENTING OPINION BY GANTMAN, P.J.:        **FILED MAY 08, 2015**

I respectfully disagree with the majority's decision to reverse and remand the case for further proceedings. Instead, I think the trial court correctly denied Mr. Andrews' petition to strike the confessed judgment. I further disagree with the majority that the case of ***A. B. & F. Contracting Corp. v. Matthews Coal Co.***, 166 A.2d 317 (Pa.Super. 1960) is dispositive of the present case. Hence, I dissent.[1]

-----------------------------------------

[1] Preliminarily, the majority questions this Court's subject matter jurisdiction. Our Rules of Appellate Procedure provide:

### Rule 311. Interlocutory Appeals as of Right

    **(a) General rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

*(Footnote Continued Next Page)*

Mr. Andrews asserts the guarantee and suretyship agreement contained a condition precedent for the entry of a confessed judgment, requiring Dime Bank to provide Mr. Andrews with written notice of a default ten (10) days prior to the commencement of a collection action. Mr. Andrews relies on **_A. B. & F. Contracting Corp., supra_** for the following proposition: "If a document requires notice for a specific number of days prior to entry of confession of judgment, the failure to allege in the

*(Footnote Continued)* ————————

> (1) *Affecting judgments.* An order refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

Pa.R.A.P. 311(a)(1).

Here, the court entered the following order disposing of Mr. Andrews' petition to strike:

> **AND NOW**, … upon consideration of [Mr. Andrews'] Petition to Strike Confession of Judgment and the response thereto, it is hereby **ORDERED** that [Mr. Andrews'] Petition is **DENIED**. It is further **ORDERED** that [Dime Bank] shall be granted 20 days from the date of this Order to file a Second Amended Complaint in accordance with the forgoing Opinion.

(Trial Court Opinion and Order, filed March 6, 2014, at 5). The court refused to strike off the judgment, and Mr. Andrews' petition did not seek orders opening or vacating the judgment in the alternative. I do not think the court's order suggests, in any manner, that the court *sub silentio* opened or struck the judgment, as the majority states in its footnote 3. Instead, I think the court allowed Dime Bank to remedy a defect by amendment of record, *nunc pro tunc*. Consequently, I conclude, without doubt, that we have proper jurisdiction over the appeal.

- 2 -

complaint compliance with such notice is grounds to strike the confession of judgment." (Mr. Andrews' Brief at 7). Mr. Andrews insists Dime Bank's amended complaint did not allege that the bank complied with the ten-day notice condition in the guarantee and suretyship agreement. Mr. Andrews concludes Dime Bank's failure to allege its compliance with the ten-day notice constituted a fatal defect on the face of the record to strike the confessed judgment. I disagree.

"In examining the denial of a petition to strike or open a confessed judgment, we review the order for an abuse of discretion or error of law." *Ferrick v. Bianchini*, 69 A.3d 642, 647 (Pa.Super. 2013). "A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Midwest Financial Acceptance Corp. v. Lopez*, 78 A.3d 614, 622 (Pa.Super. 2013) (quoting *Resolution Trust Corp. v. Copley Qu-Wayne Associates*, 546 Pa. 98, 106, 683 A.2d 269, 273 (1996)). As the majority notes, "If the defect is one that can be remedied by an amendment of the record or other action, *nunc pro tunc*, the judgment should not be stricken off." *George H. Althof, Inc. v. Spartan Inns of America, Inc.*, 441 A.2d 1236, 1237 (Pa.Super. 1982). "Formal defects, mistakes and omissions, in confessions of judgment, may be corrected by amendment where the cause of action is not changed, where the ends of justice require the allowance of such amendment and where the substantive rights of defendant or of any third persons will not be prejudiced

thereby." *Id.* at 1238.

"Historically, Pennsylvania law has recognized and permitted entry of confessed judgments pursuant to the authority of a warrant of attorney contained in a written agreement." *Midwest Financial Acceptance Corp., supra* at 623.

> [A] warrant of attorney is a contractual agreement between the parties and the parties are free to determine the manner in which the warrant may be exercised. Entry of a valid judgment by confession must be made in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken. A warrant to confess judgment must be explicit and will be strictly construed, with any ambiguities resolved against the party in whose favor the warrant is given.

*Id.* (internal citations and quotation marks omitted).

Instantly, Dime Bank filed its complaint in confession of judgment on October 19, 2012. On December 5, 2012, the parties entered into a stipulation allowing Dime Bank to file an amended complaint in confession of judgment. Dime Bank filed its amended complaint in confession of judgment on December 19, 2012. In it, Dime Bank claimed, "A default occurred under the Note in that the Borrowers failed to pay the money due and owing [Dime Bank] pursuant to the Note, whereupon [Dime Bank] demanded the entire balance of the Note immediately due and payable." (*See* Amended Complaint in Confession of Judgment, filed 12/19/12, at 2.) Nevertheless, the amended complaint did not specifically aver that Dime Bank had complied with the ten-day notice condition contained in the guarantee and

suretyship agreement.

On January 2, 2013, Mr. Andrews again filed a petition to strike confession of judgment, complaining that Dime Bank "failed to allege in the Complaint, the giving of [Mr. Andrews] written notice…and to specify the default ten (10) days prior to taking this action." (**See** Petition to Strike Confession of Judgment, filed 1/2/13, at 2.) In its answer to the petition to strike, Dime Bank stated, "[O]n or about September 22, 2012, [Dime Bank] demanded payment in full from the borrower and the guarantors." (**See** Answer to Petition to Strike Confession of Judgment, filed 1/22/13, at 1.)

Based upon the foregoing, the court reasoned: "A review of the record reveals that a technical defect in the proceedings has taken place, … however, we believe that this error can be corrected by amendment as the cause of action has not changed, the ends of justice require the allowance of such amendment, and the substantive right of [Mr. Andrews] will not be prejudiced." (**See** Trial Court Opinion and Order at 3-4.) Addressing Dime Bank's assertion regarding notice before the filing of the original complaint in confession of judgment, the court said:

> [Dime Bank's] Answer to [Mr. Andrews'] Petition to Strike Confession of Judgment…filed on 1/22/2013, states that on or about September 22, 2012, [Dime Bank] demanded payment in full from [Mr. Andrews]. Since we cannot surmise whether the demand contained the 10-day notice, we permitted the amendment. The failure to attach the demand letter, which may or may not contain the…notice as required by the warrant, is an amendable defect….

(**See** Trial Court Opinion, filed May 14, 2014, at 3 n.i) (internal citation

omitted). Here, the trial court observed that Dime Bank's September 22, 2012 demand letter could have contained sufficient notice required under the guarantee and suretyship agreement. Thus, rather than characterizing Dime Bank's omission as a complete failure to aver notice, pursuant to **A. B. & F. Contracting Corp., supra**, I think it was within the court's discretion to treat Dime Bank's pleading omission as one that could be easily remedied through an amendment of the record or other action, *nunc pro tunc*, and the judgment should not be stricken. **See George H. Althof, Inc., supra**. In my opinion, the court did not abuse its discretion or commit an error of law in denying Mr. Andrews' petition to strike the confessed judgment at this juncture. Although compliance with the pleading rules governing confessions of judgment is necessary, I cannot agree that the flaw in this case, so easily fixed by amendment, should compel striking the judgment and require a whole new complaint. Thus, I firmly disagree with the majority, which states: "[T]he judgment before us presently must be stricken under controlling case law." I am convinced **A. B. & F. Contracting Corp., supra** is not controlling case law under the circumstances of this case, where we have some evidence of due notice on the record, even if that evidence needs to be developed. Accordingly, I dissent.