J-A21020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRENTON D. BISHER, CARLA S. BISHER AND ESTATE OF CORY ALLEN BISHER | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 2743 EDA 2018 |
| LEHIGH VALLEY HEALTH NETWORK, INC., LEHIGH VALLEY HOSPITAL, INC., LEHIGH VALLEY ANESTHESIA SERVICES, PC, LVPG PULMONARY AND CRITICAL CARE MEDICINE, DR. BRIAN CIVIC, DR. DOROTHEA WATSON, DR. JENNIFER STROW, DR. BONNIE PATEK, DR. FREDERIC STELZER, EASTERN PENNSYLVANIA GASTROENTEROLOGY AND LIVER SPECIALISTS, PC, AND NORMA D. WILSON, CRNA | : : : : : : : : : : : : : : : | |

Appeal from the Order Entered September 5, 2018
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2017-C-2434

BEFORE:  BOWES, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 30, 2020**

Appellants, Brenton D. Bisher ("Brenton Bisher"), Carla S. Bisher ("Carla

Bisher"), and the Estate of Cory Allen Bisher ("the Estate") appeal from the

September 5, 2018 order that, *inter alia*, struck an amended complaint against

Dr. Frederic Stelzer and Eastern Pennsylvania Gastroenterology and Liver

Specialists, P.C. (collectively, "Stelzer") with prejudice.[1]  We quash this appeal.

The trial court summarized the factual history as follows:

On October 15, 2015, the decedent[,] Cory Bisher[,] was transferred as a patient from the Good Samaritan Hospital in Lebanon, Pennsylvania to the Lehigh Valley Hospital - Cedar Crest campus facility in Salisbury Township, Lehigh County, Pennsylvania.  Upon transfer, Bisher was initially []treated for community acquired pneumonia, but allegedly developed a gastrointestinal bleeding condition [that] ultimately led to his death at Lehigh Valley Hospital on November 22, 2015.

Trial Court Opinion, 6/11/18, at 4 (extraneous capitalization omitted).

The record demonstrates that on August 3, 2017, Brenton Bisher and Carla Bisher, Cory Bisher's parents, filed *pro se* a complaint against Lehigh Valley Health Network, Inc., Lehigh Valley Hospital, Inc., Lehigh Valley Anesthesia Services, P.C., Lehigh Valley Physicians Group Pulmonary and Critical Care Medicine, Dr. Brian Civic, Dr. Dorothea Watson, Dr. Jennifer Strow, Dr. Bonnie Patek, and Norma D. Wilson, CRNA (collectively, "LVHN"). The complaint was also filed against Dr. Frederic Stelzer and Eastern Pennsylvania Gastroenterology and Liver Specialists, P.C.  The complaint alleged, *inter alia*, a cause of action for negligence – medical malpractice stemming from the death of Cory Bisher.  Carla Bisher and Brenton Bisher

_____

[1] As our recitation of the procedural history of this case will demonstrate, the dismissal of the amended complaint against Dr. Frederic Stelzer and Eastern Pennsylvania Gastroenterology and Liver Specialists, P.C. with prejudice represents a final, appealable order since that order, coupled with a prior order entered June 11, 2018, dismissing claims against other defendants, disposed of all remaining claims against the named defendants as a whole.

- 2 -

instituted their claims *pro se* in their individual capacities, as survivors, and allegedly as the personal representatives of the Estate.

Stelzer filed preliminary objections in the form of *demurrers*, as well as motions to strike the complaint for failure to comply with the Pennsylvania Rules of Civil Procedure. Both LVHN and Stelzer subsequently filed notices of intent to enter a judgment of *non pros* for failure to file certificates of merit with the complaint pursuant to Pennsylvania Rule of Civil Procedure 1042.3.

The trial court denied Carla Bisher's *pro se* motion to determine the necessity to file a certificate of merit and to strike the notices of intent to enter judgments of *non pros* for failure to file certificates of merit. Trial Court Order, 10/3/17. Carla Bisher then filed *pro se* a second motion to determine the necessity to file a certificate of merit and to request an additional 60 days to file the certificate of merit, if deemed necessary. The trial court denied Carla Bisher's second motion to determine the necessity of the certificate of merit and granted an additional 60 days to file certificates of merit "with respect to all defendants against whom certificates of merit must be filed pursuant to Pennsylvania Rules of Civil Procedure[.]" Trial Court Order, 10/16/17, at 2 (extraneous capitalization omitted).

Before the expiration of the 60-day period, Carla Bisher filed *pro se* a third motion to determine the necessity to file certificates of merit and to request an additional 90 days to file the appropriate certificates of merit. Following a hearing on Carla Bisher's motion, the trial court determined that certificates of merit were necessary "with respect to the professional medical

service providers identified" in the complaint, denied Carla Bisher's request for a 90-day extension, and instructed that any necessary certificates of merit be filed within 20 days. Trial Court Order, 2/2/18.

On February 22, 2018, Carla Bisher filed *pro se* a single certificate of merit intended to encompass and apply to all named defendants and attached a written statement from Dr. Marvin Ament. LVHN subsequently filed a motion to strike the certificate of merit, as well as preliminary objections in the form of a *demurrer*. The trial court struck the certificate of merit with prejudice as to Dr. Civic, Dr. Watson, Dr. Strow and CRNA Wilson because Dr. Ament was not board certified by the same or similar approved medical boards as the aforementioned defendants and, therefore, would not qualify as an expert witness at trial.[2] Trial Court Order, 3/22/18, at 1-2, 2 n.i. The trial court struck the certificate of merit without prejudice as to all other defendants on the grounds "Dr. Ament does not identify the named [d]efendants to whom [the certificate of merit] relates [and] does not indicate that any specific [d]efendant breached the applicable standard of care about which Dr. Ament is qualified to opine." *Id.* at 3 n.ii. Carla Bisher did not challenge or object to the trial court's determinations.

On March 28, 2018, Dr. Civic, Dr. Watson, Dr. Strow, and CRNA Wilson filed a *praecipe* for entry of judgment of *non pros* pursuant to Rule 1042.12.

---

[2] The trial court determined that with regard to Dr. Patek's actions, Dr. Ament might qualify to offer expert testimony at trial. Trial Court Opinion, 3/22/18, at 3 n.ii.

Carla Bisher filed *pro se* five certificates of merit separately naming Frederic A. Stelzer, M.D., Eastern Pennsylvania Gastroenterology and Liver Specialists, P.C., Bonnie Patek, DO, Lehigh Valley Health Network, Inc., and Lehigh Valley Hospital, Inc.[3]  Stelzer subsequently filed a motion to strike the certificates of merit pertaining to Frederic A. Stelzer, M.D. and Eastern Pennsylvania Gastroenterology and Liver Specialists, P.C.  In response, Carla Bisher filed *pro se* a *praecipe* to attach the *curriculum vitae* of Dr. Ament as an addendum to the five certificates of merit and later a *praecipe* to substitute and replace the statement of Dr. Ament attached to the five certificates of merit.

On June 11, 2018, the trial court sustained LVHN's preliminary objections in the form of a *demurrer* and dismissed the complaint with prejudice against LVHN.[4]  Trial Court Order (LVHN), 6/11/18.[5]  In a separate

_____

[3] Carla Bisher did not file separate certificates of merit specifically naming either Lehigh Valley Anesthesia Services, P.C. or Lehigh Valley Physicians Group Pulmonary and Critical Care Medicine even though, at this point, the complaint had not been dismissed against these two defendants.

[4] Although the trial court struck the certificate of merit with prejudice as to Dr. Civic, Dr. Watson, Dr. Strow, and CRNA Wilson in its March 22, 2018 order, the complaint filed against these parties was not dismissed with prejudice until June 11, 2018.  The June 11, 2018 order dismissed the complaint with prejudice as to these four aforementioned defendants, as well as Lehigh Valley Health Network, Inc., Lehigh Valley Hospital Inc., Lehigh Valley Anesthesia Services, P.C., Lehigh Valley Physicians Group Pulmonary and Critical Care Medicine, and Dr. Patek.  The only remaining defendants were Dr. Frederic Stelzer and Eastern Pennsylvania Gastroenterology and Liver Specialists, P.C.

[5] The trial court issued two orders on June 11, 2018.  For purposes of clarification, the first order pertaining to LVHN is identified as "Trial Court Order (LVHN)."  The second order pertaining to Stelzer is identified as "Trial Court Order (Stelzer)."

order entered on June 11, 2018, the trial court granted Stelzer's motion to strike the certificates of merit pertaining to Frederic A. Stelzer, M.D. and Eastern Pennsylvania Gastroenterology and Liver Specialists, P.C. with prejudice and sustained, in part, and overruled, in part, Stelzer's preliminary objections. Trial Court Order (Stelzer), 6/11/18. The trial court granted leave to file an amended complaint against Stelzer within 20 days. *Id.* On June 12, 2018, Stelzer filed a *praecipe* for entry of judgment *non pros* for failure to file a certificate of merit.

Carla Bisher filed *pro se* a motion for reconsideration of both June 11, 2018 orders. Carla Bisher also filed *pro se* a motion to strike Stelzer's *praecipe* for entry of judgment *non pros*, as well as a subsequent amended motion to strike Stelzer's *praecipe* for entry of judgment *non pros*. On June 29, 2018, Brenton Bisher and Carla Bisher filed *pro se* an amended complaint against Dr. Frederic Stelzer and Eastern Pennsylvania Gastroenterology and Liver Specialists, P.C. raising claims of, *inter alia*, negligence – medical malpractice and a wrongful death action. Carla Bisher filed *pro se* a motion to amend the complaint on August 10, 2018.

On September 5, 2018, the trial court denied Carla Bisher's *pro se* motion for reconsideration, denied Carla Bisher's *pro se* motion to strike Stelzer's *praecipe* for entry of judgment of *non pros*, and denied Carla Bisher's *pro se* amended motion to strike Stelzer's *praecipe* for entry of judgment of *non pros*. Trial Court Order, 9/5/18, at 2. The trial court also struck Brenton Bisher and Carla Bisher's amended complaint with prejudice and denied as

moot Carla Bisher's *pro se* motion to amend the complaint. *Id.* The trial court's striking of the amended complaint terminated the litigation against Dr. Frederic Stelzer and Eastern Pennsylvania Gastroenterology and Liver Specialists, P.C., the only remaining defendants after the June 11, 2018 orders. Carla Bisher filed *pro se* a notice of appeal of the trial court's September 5, 2018 order.[6]

On October 15, 2018, this Court directed Brenton Bisher, Carla Bisher, and the Estate to show cause why this appeal should not be quashed as untimely filed and directed Carla Bisher to notify this Court whether she is licensed to practice law in the Commonwealth of Pennsylvania. *Per Curiam* Order, 10/15/18. Brenton Bisher and Carla Bisher filed *pro se* a response arguing the appeal of the September 5, 2018 order was timely because the June 11, 2018 orders did not "'dispose of all claims and all parties' as required by Pa.R.A.P. 341(b)(1)" and the orders were ambiguous as to whether they were final appealable orders. Response, 10/19/18, at 1-4. The response also stated Carla Bisher was not licensed to practice law in the Commonwealth of Pennsylvania. *Id.* at 4 ¶7. Brenton Bisher and Carla Bisher contend they acted *pro se* when they filed the complaint and that Carla Bisher was authorized to appear *pro se* on behalf of Brenton Bisher, in his absence, pursuant to a power of attorney. Response, 10/19/18, at 1-4. They also

_____

[6] The trial court ordered Carla Bisher to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. On September 28, 2018, Carla Bisher filed *pro se* a Rule 1925(b) statement. The trial court subsequently filed its Rule 1925(a) opinion.

contend Carla Bisher is the administrator of the Estate and that a short certificate authorized her to appear *pro se* on behalf of the Estate. *Id.*

On October 26, 2018, this Court prohibited Carla Bisher from filing any papers with this Court on behalf of Brenton Bisher or the Estate because neither a power of attorney nor a short certificate authorized Carla Bisher to practice law without a license in the Commonwealth of Pennsylvania. *Per Curiam Order*, 10/26/18. Carla Bisher was directed to retain counsel on behalf of the Estate. *Id.* Brenton Bisher and Carla Bisher filed *pro se* a response reiterating their prior argument that Carla Bisher's *pro se* representation of Brenton Bisher and the Estate was permitted pursuant to a power of attorney and short certificate, respectively. Response, 11/4/18.

On November 12, 2018, Laura A. Walker, Esq., entered her appearance on behalf of Brenton Bisher and Carla Bisher, as individuals, and as administrators of the Estate (collectively, "Appellants"). This Court subsequently discharged its rule to show cause order but advised that the merits panel may raise the issue of an untimely notice of appeal. *Per Curiam Order*, 11/26/18. Upon grant of an application for remand, Attorney Walker filed an amended Rule 1925(b) statement, and the trial court subsequently filed an amended Rule 1925(a) opinion.

Appellants raise the following issues for our review:

1. Did the trial court err in permitting a non-attorney[], Carla Bisher, to represent[] Brenton Bisher and the Estate[] throughout the legal proceedings?

2. Did the trial court err in striking [Carla Bisher's] certificates of merit by order dated June 11, 2018, where the certificates of merit signed by Dr. Marvin Ament, with amendments, satisfied the requirements of Pa.R.[Civ.]P. 1042.3 and the [Medical Care Availability and Reduction of Error ("MCARE")] Act[7]?

3. Did the trial court err in denying [Carla Bisher's] motion to strike [Stelzer's *praecipe* for entry of] judgment of *non pros* filed on June 18, 2018[,] and denied by order dated September 5, 2018?

4. Did the trial court err in sustaining the *demurrer* of [LVHN] by order dated June 11, 2018, where the trial court held that [Brenton Bisher and Carla Bisher] could not sustain a viable cause of action against [LVHN] after the trial court granted [LVHN's] motion to strike the certificate of merit filed on behalf of [Carla Bisher]?

Appellants' Brief at 5 (extraneous capitalization omitted).

We must first examine whether the notice of appeal was timely filed, as the timeliness of the appeal implicates the jurisdiction of this Court. ***Krankowski v. O'Neil***, 928 A.2d 284, 285 (Pa. Super. 2007). Except in certain circumstances, which do not apply here, Pennsylvania Rules of Appellate Procedure require a notice of appeal to be filed within 30 days of the entry of a final order. Pa.R.A.P. 341(a) and 903(a). A final order is an order that "disposes of all claims and all parties" or is an order disposing of fewer than all of the claims or parties but is entered as a final order upon an express determination by the trial court that an immediate appeal would facilitate resolution of the entire case. Pa.R.A.P. 341(b)(1) and (2), and (c).

---

[7] 40 P.S. §§ 1303.101-1303.910.

J-A21020-19

Here, a review of the June 11, 2018 order sustaining LVHN's preliminary objections and dismissing the complaint against LVHN with prejudice was not a final order because the order did not dispose of all parties and claims, and the trial court did not make an express determination that an immediate appeal would facilitate resolution of the entire case.[8]   Trial Court Order (LVHN), 6/11/18.  The June 11, 2018 order striking the certificates of merit pertaining to Frederic A. Stelzer, M.D. and Eastern Pennsylvania Gastroenterology and Liver Specialists, P.C. with prejudice and sustaining, in part, and overruling, in part, Stelzer's preliminary objections was not a final order.  The order permitted the filing of an amended complaint within 20 days against Dr. Frederic Stelzer and Eastern Pennsylvania Gastroenterology and Liver Specialists, P.C. and, therefore, did not dispose of all claims against all parties.  Trial Court Order (Stelzer), 6/11/18.  The trial court also made no express determination that an immediate appeal would facilitate resolution of the entire case.  *Id.*  The record reveals that Brenton Bisher and Carla Bisher subsequently filed *pro se* an amended complaint.  Amended Complaint, 6/26/18.  The trial court's September 5, 2018 order striking with prejudice the amended complaint against Dr. Frederic Stelzer and Eastern Pennsylvania Gastroenterology and Liver Specialists, P.C. constituted a final order because it disposed of all remaining claims and all remaining defendants.  Pa.R.A.P.

---

[8] For clarity, the complaint was dismissed with prejudice against Lehigh Valley Health Network, Inc., Lehigh Valley Hospital Inc., Lehigh Valley Anesthesia Services, P.C., Lehigh Valley Physicians Group Pulmonary and Critical Care Medicine, Dr. Civic, Dr. Watson, Dr. Strow, Dr. Patek, and CRNA Wilson.

341(b)(1). Consequently, we find Carla Bisher's *pro se* notice of appeal filed on September 14, 2018, well within the 30-day timeframe, to be timely. However, we must examine the merits of Appellants' first issue before determining if this Court, indeed, has jurisdiction.

In their first issue, Appellants contend Carla Bisher, a non-attorney, should not have been permitted to represent Brenton Bisher and the Estate in this matter. Appellants' Brief at 14-23. Appellants contend the trial court lacked jurisdiction to consider the entire matter because a non-attorney, acting on behalf of herself and the other plaintiffs, initiated this action. *Id.*

Appellants' issue raises questions of the unauthorized practice of law and the trial court's jurisdiction, which are pure questions of law, and therefore, our standard of review is *de novo* and our scope of review plenary. *See Harkness v. Unemployment Comp. Bd. of Review*, 920 A.2d 162, 166 n.2 (Pa. 2007) (holding, question of whether non-attorney may represent another party in proceeding is pure question of law, and standard of review is *de novo* and scope of review plenary); *see also David R. Nicholson, Builder, LLC v. Jablonski*, 163 A.3d 1048, 1054 (Pa. Super. 2017) (holding, "[i]n a civil action, the court lacks jurisdiction to consider the claims raised by non-attorney" whose conduct constitutes the unauthorized practice of law), *appeal denied*, 173 A.3d 266 (Pa. 2017); *Barak v. Karolizki*, 196 A.3d 208, 215 (Pa. Super. 2018) (stating, "[j]urisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." (citation omitted)).

- 11 -

With few exceptions, which do not apply in the case *sub* judice, the general rule is that non-attorneys are not permitted to represent other parties before Pennsylvania courts and most Pennsylvania administrative agencies. **Jablonski**, 163 A.3d at 1054, *citing* **In re Estate of Rowley**, 84 A.3d 337, 340 (Pa. Cmwlth. 2013) (affirming trial court's decision not to allow non-attorney administrator to represent estate in action to vacate judicial tax sale of estate's property), *appeal denied*, 97 A.3d 746 (Pa. 2014), *cert. denied*, 575 U.S. 943 (2015); **see also Spirit of the Avenger Ministries v. Commonwealth**, 767 A.2d 1130, 1131 (Pa. Cmwlth. 2001) (holding, the Commonwealth Court lacked jurisdiction to consider claims brought by non-attorney pastor on behalf of church in appeal from tax-exemption determination of administrative agency); **McCain v. Curione**, 527 A.2d 591, 594 (Pa. Cmwlth. 1987) (holding, the Commonwealth Court lacked jurisdiction to consider pleadings filed by non-attorney on behalf of prisoner in civil action).[9]  "Given the complex legal issues that may arise during the representation of an estate[,] prohibiting a non-attorney from representing an estate is essential to protecting the interests of the public."  **Norman for Estate of Shearlds v. Temple Univ. Health Sys.**, 208 A.3d 1115, 1120 (Pa. Super. 2019) (citation, ellipses, and original quotation marks omitted).

_____

[9] "This Court is not bound by decisions of the Commonwealth Court.  However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate."  **Petow v. Warehime**, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010) (citation omitted), *appeal denied*, 12 A.3d 371 (Pa. 2010).

Protecting and securing the public's interest in competent legal representation is of tantamount importance and one way this is achieved is by prohibiting the unauthorized practice of law. The issue of whether a non-attorney's actions constitute the unauthorized practice of law implicates a trial court's jurisdiction over a particular matter. Therefore, the issue cannot be waived and may be raised *sua sponte* by an appellate court.

Here, Carla Bisher is not a licensed attorney in this Commonwealth. Therefore, she is prohibited from representing the Estate in this matter. **See Norman**, 208 A.3d at 1120. The Estate must be represented by a licensed attorney, and any complaint failed on behalf of the Estate must be filed by a licensed attorney. Consequently, the complaint as it pertains to the Estate is a legal nullity, void *ab initio*, and the trial court was without jurisdiction to consider the matter as it relates to the Estate.[10]

_____

[10] The Dissent, relying on **Norman, supra**, and **Estate of Rowley, supra**, suggests that when a non-attorney files a claim on behalf of an estate, the trial court, before dismissing the action for the unauthorized practice of law, must first advise the non-attorney that the practice of law without a license in this Commonwealth is prohibited and second, must afford the non-attorney the opportunity to obtain counsel. Dissenting Memorandum at *8. Neither of the cases cited by the Dissent set forth the proposition that notice of the unauthorized practice of law and the opportunity to obtain counsel is required before the pleading is dismissed, and we decline to adopt such a requirement. **See Harkness**, 920 A.2d at 166 (stating, "[t]he Pennsylvania Constitution vests with our [Supreme] Court the exclusive authority to regulate the practice of law, which includes the power to define what constitutes the practice of law" (citation omitted)).

In the instant case, Carla Bisher, through her *pro se* representation of the Estate, was improperly permitted by the trial court, without objection from

J-A21020-19

With regard to an individual's *pro* se representation of himself or herself, Pennsylvania Rule of Civil Procedure 1023.1 states, in pertinent part, as follows:

**Rule 1023.1.  Scope.  Signing of Documents.
Representations to the Court.  Violation**

. . . .

(b) Every pleading, written motion, and other paper directed to the court shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, **shall be signed by the party**.

Pa.R.Civ.P. 1023.1(b) (emphasis added).  Pennsylvania Rule of Civil Procedure 1024(a) states, in pertinent part, as follows:

**Rule 1024.  Verification**

(a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and **shall be verified**.  . . .

. . . .

_____

LVHN or Stelzer, to act as counsel for the Estate from the inception of this action in August 2017.  Although the trial court should have recognized that Carla Bisher's unauthorized practice of law was prohibited and, thus, dismissed the complaint, as it pertained to the Estate, for lack of jurisdiction, the record reveals that the trial court gave Carla Bisher great latitude in her attempt to litigate, albeit unpermitted, the causes of action.  In fact, the record reflects that the trial court entertained multiple attempts by Carla Bisher to satisfy the requirements of the necessary certificates of merit.  To remand this case and allow it to begin anew after Carla Bisher has been unsuccessful in providing adequate certificates of merit would, in essence, reward Carla Bisher for the unauthorized practice of law, which is something this Court cannot condone.  Moreover, a remand of this case would serve a great prejudice to LVHN and Stelzer.

- 14 -

(c) **The verification shall be made by one or more of the parties filing the pleading** . . . .

Pa.R.Civ.P. 1024(a) & (c) (emphasis added). The term "'verified,' when used in reference to a written statement of fact by the signer, means supported by oath or affirmation or made subject to the penalties of 18 Pa.C.S.[A.] § 4904 relating to unsworn falsification to authorities." Pa.R.Civ.P. 76. Courts are willing to liberally construe materials filed by a *pro se* individual. However, "*pro se* status confers no special benefit upon the [individual]. To the contrary, any person choosing to represent himself [or herself] in a legal proceeding must, to a reasonable extent, assume that his [or her] lack of expertise and legal training will be his [or her] undoing." **Norman**, 208 A.3d at 1118-1119 (citation omitted).

A complaint is a legal nullity, void *ab initio*, when the complaint is not signed by the *pro se* plaintiff and fails to include the essential verification statement signed by the plaintiff. **See Atl. Credit and Finance, Inc. v. Giuliana**, 829 A.2d 340, 344 (Pa. Super. 2003) (citation omitted) (holding, the verification requirement is essential to the pleading "because without it a pleading is mere narration, and amounts to nothing"); **see also Monroe Contract Corp. v. Harrison Square, Inc.**, 405 A.2d 954, 958 (Pa. Super. 1979) (holding, non-compliance with verification requirement will not be condoned); **Rupel v. Bluestein**, 421 A.2d 406, 414 (Pa. Super. 1980) (stating, to hold unexplained and unexcused non-compliance with verification

requirement as unimportant would only encourage non-compliance by others, and laxity on part of trial courts).

Here, a review of the record demonstrates that both Brenton Bisher and Carla Bisher signed the complaint as *pro se* individuals. Although both Brenton Bisher and Carla Bisher were permitted to sign the complaint as *pro se* individuals, each representing themselves in this matter, a review of the complaint demonstrates it does not contain the necessary and essential verification statement signed by both of the *pro se* individuals. Therefore, the complaint, absent the necessary verification statement, was nothing more than a narration of events and a legal nullity, void *ab initio*, as to the *pro se* individuals, Brenton Bisher and Carla Bisher. Consequently, the trial court was without jurisdiction over the matter as it pertained to Brenton Bisher and Carla Bisher, as individuals.[11]

Accordingly, this Court is without jurisdiction to review the merits of this matter on appeal, and we are constrained to quash the appeal.[12]

_____

[11] It is incumbent upon trial courts to recognize the importance of adherence to all procedural rules and, especially, to determine if the trial court lacks jurisdiction over a matter *ab initio* at the earliest possible stage of the proceedings in order to avoid, as in this case, the unnecessary expenditure of time and money by the parties and the court.

[12] The Dissent's reliance on **George H. Althof, Inc. v. Spartan Inns of Am., Inc.**, 441 A.2d 1236 (Pa. Super. 1982) and **Reilly v. Ernst & Young, LLP**, 929 A.2d 1193 (Pa. Super. 2007) to suggest that remand is appropriate is unavailing. Dissenting Memorandum at *2-3, 8. The instant case differs, in material ways, from the cited cases such that similar treatment would be inappropriate. In the cited cases, there was attempted, but failed, compliance

with the relevant procedural rules.  Here, however, Appellant never attempted to include a verification over the course of nearly two years, despite filing an amended complaint.  In addition, remand was deemed appropriate in the cited cases only after the respective panels determined that the causes of action would not change, the ends of justice required opportunity for amendment, and the substantive rights of the defendants, or third persons, would not be prejudiced.  The Dissent makes no effort to determine whether the same is true for LVHN or Stelzer in the instant case.

In **Althof, supra**, the verification attached to the complaint in a confessed judgment action was made by the attorney, not the appellant, and did not set forth, *inter alia*, "the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party."  **See Althof**, 441 A.2d at 1237; **see also** Pa.R.Civ.P. 1024(c).  In other words, a verification was attached to the complaint but it did not technically satisfy all of the requirements of Rule 1024.  In the instant case, Appellant did not attempt to include a verification in the nearly two years of litigation.  Moreover, in **Althof, supra**, this Court remanded the case for purposes of filing a proper verification because "the ends of justice require[d] the allowance of such amendement[,]" the allegations in the complaint were not spurious, and the substantive rights of the defendant or any third party would not be prejudiced.  **Althof**, 441 A.2d at 1238 (stating, "[f]ormal defects, mistakes and omissions, in confessions of judgment, may be corrected by amendment where the cause of action is not changed, where the ends of justice require the allowance of such amendment and where the substantive rights of defendant or of any third persons will not be prejudiced thereby").

In so deciding, the **Althof** Court relied on **Monroe Contract Corp. v. Harrison Square, Inc.**, 405 A.2d 954 (Pa. Super. 1979), noting that in **Monroe Contract**, the attorney verified the complaint stating the appellant lacked sufficient knowledge but did not state that the appellant was without sufficient information to do so.  The **Monroe Contract** Court found this error to be *de minimis* and held that when confronted with such verification the trial court should grant leave to amend the petition to strike or open a judgment rather than dismiss the petition.  **Monroe Contract**, 405 A.2d at 958-959.  The error was held to be inconsequential, did not prejudice the parties, and was in the best interests of judicial economy.  **Id.** at 959.

Similarly, in **Davis v. Safeguard Investment Co.**, 361 A.2d 893 (Pa. Super. 1976), also examined by the **Althof** Court, the appellant filed separate petitions to open or strike separate judgments.  The appellant properly verified

Alternatively, if the complaint had contained a verification statement, thus giving the trial court jurisdiction over the claims raised *pro se* by Brenton Bisher and Carla Bisher, as individuals, the record demonstrates that the complaint and amended complaint were the only documents in the case that were signed by both *pro se* individuals. **See** Pa.R.Civ.P. 1023.1 (requiring each party to sign pleading, motion, or other paper in *pro se* situations). Carla Bisher is not a licensed attorney in the Commonwealth of Pennsylvania and a

_____

one petition. The other petition was verified by appellant's attorney but did not comply with the requirements of Rule 1024 (it is unclear what the defect was). The **Davis** Court found the error inconsequential and that it did not prejudice the other party. **Davis**, 361 A.2d at 896.

The Dissent also relies on **Reilly, supra**, in which only one defendant verified the joint answers and objections to the Reillys' requests for admissions. **Reilly**, 929 A.2d at 1201. The **Reilly** Court held that "the terms of Rule 1024 are applicable to all documents requiring a verification, on the ground that there is 'no reason why practice regulating a matter as common and collateral to all proceedings as verification should not be uniform in all cases.'" **Id.**, *citing* **Monroe, supra**. The **Reilly** Court further noted that verification was necessary to avoid spurious allegations. **Reilly**, 929 A.2d at 1201. The **Reilly** Court held that the error present in that case was *de minimis* and the Reillys would suffer only minimum prejudice if the parties were permitted to amend the joint answers and objections to include proper verification. **Id.**

In the instant case, Appellant's actions amounted to more than a failure to adhere to a technical nuance of Rule 1024 in that Appellant failed to file any verification. Failure to attempt conformance with Rule 1024 is distinct from an attempt that fails to conform to Rule 1024. Moreover, Appellant's complaint contained spurious allegations, as noted in preliminary objections filed against the complaint, and LVHN and Stelzer would be prejudiced, at this stage in the proceedings, if the case was remanded for Appellant to file a verified complaint and begin this action anew. A remand would serve no benefit toward achieving the ends of justice, as the causes of action were properly dismissed and, moreover, would invalidate the requirements of Rule 1024.

- 18 -

power of attorney executed by Brenton Bisher cannot grant Carla Bisher a license to practice law or permit her to represent Brenton Bisher in any legal matters before a court of law. Such conduct constitutes the unauthorized practice of law. Therefore, all actions taken by Carla Bisher *pro se* were taken on behalf of **only** Carla S. Bisher, including but not limited to, the filing of a notice of appeal. Brenton Bisher did not file a notice of appeal with this Court. Consequently, this Court is without jurisdiction with regard to matters involving Brenton Bisher and the appeal is subject to quashal.

Even if this Court had jurisdiction to consider the merits of Carla Bisher's *pro se* appeal of the trial court's order that, *inter alia*, dismissed the amended complaint with prejudice, we would find that the appeal lacks merit. Carla Bisher's appeal raises the issue of whether Carla Bisher's certificates of merit failed to comply with the requirements of Rule 1042.3. This issue raises a question of law. Therefore, our standard of review is *de novo* and our scope of review is plenary. ***Womer v. Hilliker***, 908 A.2d 269, 276 n.8 (Pa. 2006); ***see also Pollock v. Feinstein***, 917 A.2d 875, 877 (Pa. Super. 2007) (stating, "the interpretation and application of the Pennsylvania Rules of Civil Procedure present questions of law, and our review on these matters is plenary" (citation omitted)).

Pennsylvania Rule of Civil Procedure 1042.3 relating to the certificate of merit states, in pertinent part,

**Rule 1042.3. Certificate of Merit**

- 19 -

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

(b) (1) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

(2) If a complaint raises claims under both subdivisions (a)(1) and (a)(2) against the same defendant, the attorney for the plaintiff, or the plaintiff if not represented, shall file

(i) a separate certificate of merit as to each claim raised, or

(ii) a single certificate of merit stating that claims are raised under both subdivisions (a)(1) and (a)(2).

. . . .

(e) If a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall, in addition to the other requirements of this rule, attach to the certificate of merit the written statement from an appropriate licensed professional as required by subdivisions (a)(1) and (2).  If the written statement is not attached to the certificate of merit, a defendant seeking to enter a judgment of *non pros* shall file a written notice of intent to enter a judgment of *non pros* for failure to file a written statement under Rule 1042.11.

Pa.R.Civ.P. 1042.3.

> It is not required that the "appropriate licensed professional" who supplies the necessary statement in support of a certificate of merit required by subdivision (a)(1) be the same person who will actually testify at trial. It is required, however, that the "appropriate licensed professional" who supplies such a statement be an expert with sufficient education, training, knowledge and experience to provide credible, competent testimony, or stated another way, the expert who supplies the statement must have qualifications such that the trial court would find them sufficient to allow that expert to testify at trial. For example, in a medical professional liability action against a physician, the expert who provides the statement in support of a certificate of merit should meet the qualifications set forth in Section 512 of the Medical Care Availability and Reduction of Error (["]MCARE["]) Act, 40 P.S. § 1303.512.

Pa.R.Civ.P. 1042.3(a)(1) at Official Note. Section 512 of the MCARE Act states, in pertinent part,

### § 1303.512. Expert qualifications

**(a) General rule.**--No person shall be competent to offer an expert medical opinion in a medical professional liability action against a physician unless that person possesses sufficient education, training, knowledge and experience to provide credible, competent testimony and fulfills the additional qualifications set forth in this section as applicable.

**(b) Medical testimony.--**An expert testifying on a medical matter, including the standard of care, risks and alternatives, causation and the nature and extent of the injury, must meet the following qualifications:

  (1) Possess an unrestricted physician's license to practice medicine in any state or the District of Columbia.

  (2) Be engaged in or retired within the previous five years from active clinical practice or teaching.

**(c) Standard of care.**--In addition to the requirements set forth in subsections (a) and (b), an expert testifying as to a physician's standard of care also must meet the following qualifications:

(1) Be substantially familiar with the applicable standard of care for the specific care at issue as of the time of the alleged breach of the standard of care.

(2) Practice in the same subspecialty as the defendant physician or in a subspecialty which has a substantially similar standard of care for the specific care at issue, except as provided in subsection (d) or (e).

(3) In the event the defendant physician is certified by an approved board, be board certified by the same or a similar approved board, except as provided in subsection (e).

**(d) Care outside specialty.**--A court may waive the same subspecialty requirement for an expert testifying on the standard of care for the diagnosis or treatment of a condition if the court determines that:

(1) the expert is trained in the diagnosis or treatment of the condition, as applicable; and

(2) the defendant physician provided care for that condition and such care was not within the physician's specialty or competence.

**(e) Otherwise adequate training, experience and knowledge.**--A court may waive the same specialty and board certification requirements for an expert testifying as to a standard of care if the court determines that the expert possesses sufficient training, experience and knowledge to provide the testimony as a result of active involvement in or full-time teaching of medicine in the applicable subspecialty or a related field of medicine within the previous five-year time period.

40 Pa.C.S.A. § 1303.512.

Here, a review of the record demonstrates that the trial court adequately and comprehensively explained its rationale for striking Carla Bisher's certificates of merit with prejudice. We would adopt that portion of the trial

court's opinion as our own and incorporate it herein. *See* Trial Court Opinion, 11/9/18, at 8-18. Specifically, the trial court found that Dr. Ament's third amended statement "merely summarizes 'that [LVHN and Stelzer] breached the appropriate standard of care, and that this breach was a cause in bringing about the harm to Cory Bisher.'" *Id.* at 16. The trial court concluded, and we concur, "[t]his statement fails to identify the specific defendant who breached the appropriate standard of care, and that said breach of care led to Bisher's death." *Id.* at 17. Absent specificity, Dr. Ament's third amended statement failed to meet the requirements of Rule 1042.3. *Id.* In sum, the trial court concluded,

> the record reflects that [Carla Bisher] undertook the challenging task of litigating a complex medical malpractice matter on her own without any assistance from counsel. The [trial] court granted [her] a significant amount of leeway. The [trial] court fully and fairly considered her numerous requests to be excused from the certificate of merit requirement. The [trial] court also evaluated the certificate of merit that she provided in a light that was favorable to her, but concluded that despite Dr. Ament's qualifications, the certificate he provided did not satisfy the criteria set forth in Rule 1042.3 or [Section 512 of] the MCARE Act.

*Id.* at 18 (extraneous capitalization omitted). For the reasons set forth in the trial court's opinion, and incorporated herein, Carla Bisher's certificates of merit failed to meet the requirements of Rule 1042.3. Therefore, we would find no basis upon which to reverse the trial court's striking of the amended complaint with prejudice.

Additionally, there is no merit to Carla Bisher's argument that the trial court erred in denying her motion to strike Stelzer's praecipe for entry of judgment *non pros*. In reviewing a trial court's denial of a motion to strike the *praecipe* for entry of judgment of *non pros* pursuant to Rule 1042.6, our Court may only reverse the decision of the trial court upon a finding that the trial court abused its discretion in reaching its determination.[13] ***Ditch v. Waynesboro Hosp.***, 917 A.2d 317, 324 (Pa. Super. 2007) (citation omitted), *aff'd*, 17 A.3d 310 (Pa. 2011). "It is well-established that a motion to strike [a *praecipe* for entry of] judgment of *non pros* challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining." ***Ditch***, 917 A.2d at 324-325 (citation omitted).

Here, Carla Bisher contends that Stelzer's *praecipe* for entry of judgment of *non pros* is "moot because [she] complied with Pa.R.[Civ.]P. 1042.3 by timely filing [c]ertificates of [m]erit as to [Stelzer.]" Carla Bisher's Brief in Support of Motion, 6/18/18, at 15.

The trial court held that Stelzer was entitled to an entry of judgment of *non pros* pursuant to Rule 1042.7 because a certificate of merit was not filed.

---

[13] "As a general rule, interlocutory orders that are not subject to immediate appeal as of right may be reviewed on a subsequent timely appeal of the final appealable order or judgment in the case." ***Stephens v. Messick***, 799 A.2d 793, 798 (Pa. Super. 2002) (citation omitted).

Trial Court Opinion, 11/9/18, at 19.  Rule 1042.7 permitted Stelzer to obtain an entry of judgment of *non pros* based on the failure to file a certificate of merit.  Therefore, the trial court did not abuse its discretion in denying Carla Bisher's "motion" upon the striking of the certificate of merit.[14]  Moreover, as Carla Bisher did not challenge the *praecipe* for entry of judgment *non pros* filed by LVHN, she waived this issue.[15]

Appeal quashed.

President Judge Emeritus Ford Elliott joins.

Judge Bowes files a Dissenting Memorandum.

---

[14] The record demonstrates that Carla Bisher filed *pro se* a document containing nothing more than a heading identifying it as a motion to strike the *praecipe* for entry of judgment of *non pros*.  Carla Bisher's Motion, 6/18/18.  Carla Bisher's filing failed to comply with the bare requirements of a motion's form and content under Rule 208.2 that requires, among other things, that the motion "set forth material facts constituting grounds for the relief sought, specify the relief sought and include a proposed order[.]"  Pa.R.Civ.P. 208.2(a)(3).  It is only upon a review of Carla Bisher's brief accompanying the "motion" that it can be discerned that the motion challenges the *praecipe* for entry of judgment of *non pros* filed by Stelzer.

[15] Having found that Carla Bisher failed to file a certificate of merit, as required by Rule 1042.3, and that LVHN and Stelzer were entitled to entry of judgment of *non pros* for the failure to file a certificate of merit, we would not need to address Carla Bisher's final issue challenging the trial court's denial of her motion for reconsideration.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2020